KLEINE BROS. v. GIDCOMB et al.

(Court of Civil Appeals of Texas. San Antonio. Nov. 27, 1912. Rehearing Denied Jan. 8, 1913.)

1. VENUE (§ 8*)—ACTION FOR FRAUD.

Under Rev. St. 1895, art. 1194, § 4, providing that suit may be brought in any county where one defendant resides, and section 7, providing that in cases of fraud suit may be brought where the fraud was committed, a purchaser's action against the vendor and his agent for the payments made for an option on land misrepresented by the agent was properly brought in the county where the misrepresentations were made.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 17; Dec. Dig. § 8.*]

2. APPEAL AND ERROR (§ 1002*)—VERDICT— CONFLICTING EVIDENCE.

A verdict for plaintiff in case of fraud could not be disturbed on appeal, where the evidence was conflicting.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

3. PRINCIPAL AND AGENT (§ 158*)—FRAUD OF AGENT—LIABILITY.

Where a party is induced to purchase and pay for an option on land in reliance on false representations of the vendor's agent that gold in commercially paying quantities has been found on adjoining land, he is entitled to recover from the vendor and his agent, regardless of the form of the representation and whether defendants knew them to be false.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 589–598; Dec. Dig. § 158.*]

4. EVIDENCE (§ 157*)—ADMISSIBILITY—BEST EVIDENCE.

Evidence which shows on its face that better evidence exists is properly excluded.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 460–470; Dec. Dig. § 157.*]

5. PRINCIPAL AND AGENT (§ 158*)—MISREPRESENTATIONS OF AGENT—LIABILITY OF PRINCIPAL.

Where, in an action against vendors and their agent for payments made for an option on land which plaintiff was induced to make by misrepresentations that gold in paying quantities existed on adjoining land, the vendors admitted the agency and that the agent was authorized to sell the lands, and it appeared that he was furnished with copies of data indicating the presence of such gold, plaintiff's testimony as to the representations made to him by the agent as to the gold was properly admitted, though there was no showing that such representations were in fact specifically authorized, or even that the principal knew of them.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 589–598; Dec. Dig. § 158.*]

6. EVIDENCE (§ 536*)—EXPERTS—COMPETENCY.

A miner and assayer, who had acted as superintendent and assayer for a mining company and had been employed as an assayer by defendants, was prima facie competent to testify for plaintiff as an expert assayer.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2343, 2344, 2347; Dec. Dig. § 536.*]

7. EVIDENCE (§ 314*)—REMEDY OF PURCHASER —RECOVERY OF PAYMENTS—EVIDENCE.

In a purchaser's action for payments made for an option on land which he was induced to buy by fraudulent representations of the vendors' agent that gold in paying quantities existed on adjoining land, the testimony of an assayer as to a statement, made by him in the presence of plaintiff to the vendors' agent as to the result of an assay made by him, upon which the plaintiff relied, was not hearsay, but was admissible upon the issue of the truth of the agent's representations.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1168–1173; Dec. Dig. § 314.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by B. Gidcomb against Kleine Bros. and others. From a judgment for plaintiff, Kleine Bros. appeal. Affirmed.

W. D. C. Jones, of Gonzales, and Seay & Seay, of Dallas, for appellant. Etheridge & McCormick, R. S. Baker, and Spence, Knight, Baker & Harris, all of Dallas, for appellee.

TALIAFERRO, J. This suit was brought by appellee, B. Gidcomb, resident of Dallas county, to recover $1,000, with interest, from C. A. Waterman and Howard Kenyon, residents of Dallas county, acting for themselves and as agents of Kleine Bros., and the firm of Kleine Bros., composed of August Kleine, W. C. Kleine, and Walter D. Kleine, residents of Gonzales county. Kenyon was not served, and as to him the suit was dismissed. Plaintiff (appellee) complained that the defendants by false and fraudulent representations, all of which he believed and relied upon, had induced him to enter into an option contract to purchase 20 acres of land in Gonzales county and to part with money and property to the value of $1,000 as a portion of the consideration for said land. The representations complained of as false are, briefly, as follows: That gold, in commercially paying quantities, had been found in a certain well which had been drilled on land in Gonzales county belonging to the Kleines; that at several levels in said

well gold-bearing strata had been found which assayed from $5 to $3,670.40 per ton; that many assays had been made, all of which revealed rich gold deposits; that appellants exhibited to appellee tabulated statements represented to be accurate driller's logs of the said well, and told him that they knew said assays and logs to be true and correct, and that if he purchased land contiguous to the well he would run no risk except the risk that there might be no gold under the particular tract purchased by him. Appellee alleges that he believed these representations and, relying upon them, purchased an option on the 20 acres of contiguous land, knowing that land so proximate to rich gold-bearing properties would be very valuable. But he complains that the representations were false, that there was no gold thereon in commercially paying quantities, and thereby he was defrauded of his money. After their pleas and demurrers were overruled by the court, Kleine Bros. answered by denying appellee's allegations, and specially that they had made no false or fraudulent representations to any one with reference to gold deposits on said land, nor had they authorized any person to do so for them, and, if any one had made such false and fraudulent representations to appellee, it was done without their knowledge or consent. They also allege that appellee had full and equal knowledge and information; that he had the same opportunity to examine and investigate the conditions that they themselves possessed; that nothing was done to prevent him from making a full and thorough investigation; and that he did in fact make such investigation, and acted in all things upon his own knowledge and judgment. Appellants raise some questions in their answer as to the value of certain stock which composed a part of the consideration paid, but as this stock was delivered and accepted at an agreed valuation, and no complaint is made that both parties were not equally advised of its value, it will be assumed that the stock had the value at which it was accepted. The case was tried without a jury, and the court overruled appellants' plea of privilege and all their demurrers and upon the facts found for appellee against all the defendants for $1,472.87, with interest at 6 per cent. from date of judgment, and all costs except those incurred in making Kenyon a party to the suit.

[1] Appellants' first assignment of error complains because their plea of privilege did not prevail. This assignment must be overruled. If Waferman was a proper party to the suit and resided in Dallas county, then the suit was properly brought in that county. We think Waterman was a proper party, and the evidence shows that he resides in Dallas county. R. S. art. 1194, § 4. We

think, also, that jurisdiction of the district court of Dallas county was conferred by section 7 of article 1194. The fraudulent misrepresentations, if made by Waterman, were made in Dallas county, and, that being ascertained, the venue as to all proper parties was fixed in that county.

[2] In the second assignment of error appellants contend that the court's judgment is contrary to the law and the evidence, and in a very strong oral argument counsel earnestly urged that the evidence did not support the judgment. We are unable to so decide. The trial court decided the facts in favor of appellee; the evidence was conflicting; and, so far as this court is concerned, the judgment of the trial court is therefore final.

[3] There is evidence to support the finding that appellee was induced to take an option and pay money upon 20 acres of land by representations made to him by appellants that gold in great quantities had been found upon ground immediately adjacent thereto. The allurement presented to appellee was that upon ground immediately contiguous gold in paying quantities had been found, by which was raised in the mind of appellee the natural and expected conclusion that gold would also be found on the land by him to be purchased. Upon this evidence the trial court could properly find that appellee's agreement to purchase the land, or an option upon it, was induced solely by the representations made to him concerning the gold deposits upon the adjoining part. The form of the representations is immaterial. Whether appellee was told by the appellants that gold in paying quantities had been found there, or whether they had presented him with written logs and copies of assays showing rich gold deposits, with assurances that they were correct, is immaterial. It is not even material whether appellants knew that their representations were false. Oil Co. v. Scott, 28 Tex. Civ. App. 213, 67 S. W. 452. The only test is the truth of the representations and whether appellee believed them and acted upon them. The trial court, upon conflicting evidence, decided both these questions in favor of appellee, and so, therefore, must we.

[4] The third assignment of error must be overruled. The answer of the witness shows upon its face that there was better evidence in existence, and the objection, being made upon that ground, was properly sustained by the trial court. It is quite true, as contended by appellant, that defendant, charged with fraud, should be permitted to show that false representations were not in fact made; but he cannot complain that the court requires this proof to be made by competent evidence.

The fourth and fifth assignments of error must be overruled for like reasons. The evidence, as presented, was inadmissible for the reasons urged at the trial, and it was proper-

ly excluded by the court. That the statements of witnesses were elicited by questions propounded by appellee does not alter the rule nor give the appellant any greater privilege.

[5] In their sixth assignment of error appellants complain that the court, over their objection, permitted plaintiff to relate statements made to him by C. A. Waterman with reference to the presence of gold upon land adjoining the 20 acres covered by appellee's option. Appellants' proposition under this assignment is as follows: "It is incompetent to prove the representations or conduct of one defendant to be used against the others in an action for fraud and fraudulent representations until it has been shown that the fraudulent representations made by the witness and codefendant were authorized by those sought to be bound, or that a conspiracy existed between the parties to defraud the plaintiff."

The fact that Waterman was the agent of Kleine Bros. to sell this land is undisputed. All three of the Kleine brothers testify that he was their agent, and Waterman also stated that he was acting in the capacity of agent. We cannot agree with the contention of appellants that the agency of Waterman was so limited that his representations would not bind his principals. He was authorized by Kleine Bros. to sell their lands. He was provided with copies of assays and other data indicating the presence of valuable gold deposits on land immediately contiguous to that offered for sale. He was sent forth by his principals to seek buyers and in his efforts to sell to appellee he made the statements related by appellee in his evidence. Appellants cannot now be heard to say that this agent, whom they sent forth into the business world with the badge of their confidence and approval upon him, was in fact only their agent so long as he did right. A principal cannot so avoid his liability. If he holds another out to the world as his agent, he thereby invites the people with whom he may deal to place confidence in his agent, and, if the agent violates the confidence within the line of his duty, the principal must repair the wrong. Nor, when the relation of principal and agent has been established, is it necessary, to bind the principal, that the statements of the agent be made in the presence of the principal, or even that he should have knowledge of them. The acts of the agent, in the line of his duty, are the acts of the principal.

[6] Appellants insist that Deaver was not sufficiently qualified to testify as an expert assayer. We think this position is not well taken. In answer to questions as to his qualification, Deaver said: "My occupation is miner and assayer. I was superintendent of the Etropole Mining Company. I first acted as superintendent and also as assayer. I made three or four visits to the bottom of the shaft daily and took samples and assayed them. I was introduced to C. A. Waterman, August Kleine, Howard Kenyon, and B. Gidcomb, and had business in the way of doing some assaying for them." These statements of the witness were perhaps not as full upon the question of his experience and qualification as would be ordinarily called for, but appellants had an opportunity to test his qualifications by cross-examination if they considered it necessary. They knew that he claimed to be an assayer because they had employed him to make assays for them. His answers were prima facie sufficient to show his qualification to testify as an expert assayer, and appellants, having failed to test his qualifications further, cannot now complain.

[7] The statement complained of is not subject to the objection that it was hearsay, because the assays appear to have been made in the presence of Waterman, Kenyon, and Gidcomb, and the statement relates to a fact revealed by the assay and announced by the assayer in the presence of the plaintiff and defendant Waterman, who was also agent of Kleine Bros. We think therefore that this evidence was admissible upon the issue of the truth of the representation made by the defendants to the plaintiff concerning the presence and quantity of gold revealed by an assay of the soil.

No errors being found in the record, the judgment is affirmed.