MASTERSON et al. v. BAUGHN. (No. 6782.)

(Court of Civil Appeals of Texas. San Antonio. June 7, 1922. Rehearing Denied June 28, 1922.)

1. Venue ⬅8 — Action for fraud properly brought in county in which fraud was perpetrated.

An action for damages sustained by false representations inducing plaintiff to purchase land was properly brought in county in which the false representations were made and the deed was executed and in which the land was situated, notwithstanding residence of defendants in other county; the fraud having been perpetrated in first-mentioned county.

2. Pleading ⬅111—Court was not required to sustain plea of privilege for failure to note setting of case according to agreement of parties on controverting affidavit.

The fact that the court did not know the setting of the case on the controverting affidavit did not require it to sustain the plea of privilege, under Gen. Laws 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

3. Appeal and error ⬅931(6)—Court trying case without jury presumed not to have been influenced by improper evidence.

In action tried by the court without a jury, it will be presumed that the judge was not influenced by improper evidence.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by J. F. Baughn against N. T. Masterson and others. Defendants' pleas of privilege were overruled, and they appeal. Affirmed.

Elliott Cage, of Houston, for appellants.
Abner L. Lewis, of Harlingen, for appellee.

FLY, C. J. Appellee sued F. Z. Bishop, a resident of Bexar county, and N. T. Masterson, Elliott Cage, and Roene Cage of Harris county, to recover $25,000 damages, alleged to have accrued to appellee through the fraud of appellants in making false representations to him which induced him to buy certain lands in Cameron county. Roene Cage, Elliott Cage, and N. T. Masterson filed pleas of privilege to be sued in Harris county, which were controverted by affidavits of appellee. The pleas of privilege were overruled.

[1] The uncontroverted evidence showed that the agent of appellants induced appellee by fraudulent and false representations to buy the land in Cameron county, and said false representations as to the land were made in Cameron county, and the deed to the land was executed by appellant Masterson. The fraud was sufficiently alleged and fully proved to have been perpetrated in Cameron county. It was alleged and proved that appellee relied upon the false representations, and was induced thereby to purchase the land. The venue was properly laid in Cameron county. Kleine v. Gidcomb (Tex. Civ. App.) 152 S. W. 462; Ferrell v. Millican (Tex. Civ. App.) 156 S. W. 230; Edmonds v. White (Tex. Civ. App.) 226 S. W. 819.

[2] The parties agreed to a date to hear the plea of privilege, and it was heard on

that date, and yet it is seriously contended that because the court did not note the setting of the case on the controverting affidavit the plea of privilege should have been sustained. That contention as to the statute is utterly without merit. The law is not open to such forced construction. Gen. Laws 1917, p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

[3] The agency of G. O. Newman was not denied by appellants, and they acted on his sale of the lands. Masterson executed the deed, and the evidence showed that Newman was the agent of all the appellants. If the petition was not properly admitted in evidence, it would not be cause for reversal. The judge alone heard the case, and it will be presumed that he was not influenced by any improper evidence. The pleadings were familiar to him without having been introduced in evidence.

The assignments of error are all overruled, and the judgment affirmed.