## HORNER v. CALDWELL. (No. 2222.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 12, 1923.)

1. Venue ⬯8—Actionable fraud justified denial of transfer to resident county.

Where defendant in a county not his residence misrepresented goods he was selling and the fraud was actionable, his plea of privilege to be sued in his resident county was properly denied.

2. Fraud ⬯9—Misrepresentations as to cotton seed germination held actionable.

Proof that a salesman represented seed to have a 90 per cent. germinating power to a farmer in need of such seed, that the statement was untrue, and plaintiff relied upon it to his damage, operated to establish legal fraud for which an action of deceit was proper.

3. Fraud ⬯11(1)—Salesman's statement of germinating power of cotton seed not opinion.

A salesman's statement, in selling cotton seed to a farmer, that it had 90 per cent. germinating power, was not a mere expression of opinion, since he is presumed to know the quality.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Suit by S. D. Caldwell against John P. Horner. From an interlocutory judgment overruling his plea of privilege, defendant appeals. Affirmed.

Williams & Martin, of Plainview, for appellant.

Oxford & Oxford and M. J. Baird, all of Plainview, for appellee.

RANDOLPH, J. This was a suit by Caldwell, as plaintiff, against Horner, as defendant, filed in the district court of Hale county, Tex., to recover damages alleged to have been occasioned plaintiff by the defendant's selling to him cotton seed that failed to germinate. Defendant filed his plea of privilege to be sued in the county of Caldwell, the county of his residence. Plaintiff filed a contest and assumed the burden of proof, evidence was introduced, and upon the hearing the trial court overruled the plea of privilege, and appeal was had to this court from such interlocutory judgment.

[1] The appellant presents one proposition in support of his right to have a trial in the county of his residence, as follows:

"As the defendant was not at any time a resident of Hale county, Tex., but was at all times a resident of Caldwell county, and as the evidence did not show that defendant or that said Rodgers had made any false or fraudulent representations in Hale county, the court erred in overruling defendant's plea of privilege."

The solution of two questions presented by the above proposition, (1) were the representations made in Hale county, and (2) were they such representations as present a case of actionable fraud, enables us to dispose of this appeal.

[2] The facts are practically undisputed that the representations charged to have been made were made by Rodgers, salesman for Horner, to the plaintiff, and were made in Hale county. The appellant contends that the evidence does not disclose any false or fraudulent statement in that the plaintiff charged fraud and falsity of the agent's statement that the seed were pure Mebane cotton seed, of early Triumph variety, and that there is no evidence disputing this; that the seed were exceedingly prolific and of such rare genus as to be cheaper than other seed; and that there is no evidence disputing this. In addition to the representations set out, the plaintiff in his petition alleged that he was a farmer and was in need of this (pure Mebane) cotton seed for his purposes. Among the representations made as charged in plaintiff's petition, it is also alleged that the representation was made that such seed would germinate 90 per cent.

These seed may have been pure Mebane cotton seed, but they did not germinate 90 per cent., according to the evidence. It is fully disclosed by the evidence that this representation was made and, as stated above, was made in Hale county, and, further, that the said seed did not germinate 90 per cent.; in fact, did not germinate sufficiently to make a stand. If plaintiff's allegations and the evidence are true, then certainly the seed were not prolific and did not germinate 90 per cent. This was shown to be a fact by a large number of witnesses, and the issue thus presented—were the seed such as represented—was a question of fact for the jury. Such facts would operate to establish that which is in law termed "fraud," and for such fraudulent representations an action in the nature of an action for deceit would be proper. Handy v. Roberts (Tex. Civ. App.) 165 S. W. 37.

[3] We cannot hold that the representation that the seed would germinate 90 per cent. is a mere expression of opinion. The agent Rodgers, who was selling the seed for Horner, is presumed to have known enough about

the kind and quality of seed to be able to inform the prospective purchaser of such facts in the effort to induce him to purchase, and, as he did so, he represented a fact, the truth or falsity of which was a proper matter of investigation for the district court of Hale county.

"In every such case the principal holds out his agent as competent and fit to be trusted and thereby in fact he warrants his fidelity and good conduct within the scope of his agency." Storey on Agency, §§ 127, 135, 137, 142.

That such representation was not an opinion merely, but a representation of fact, see McDonald v. Lastinger (Tex. Civ. App.) 214 S. W. 831; Massirer v. Milam (Tex. Civ. App.) 223 S. W. 302.

In the case at bar the statement of the agent of defendant that the seed would germinate 90 per cent. embodied a conclusion drawn by him from his knowledge of the derivation and quality of seed, the falsity of which the plaintiff could not know.

In discussing the tendency of modern decisions in cases where positive fraudulent representations have been made by the vendor, 20 Cyc. 62 (D), says:

"Modern decisions show a strong tendency either to relax the doctrine of caveat emptor or to refuse to extend it further than it has been carried by previous decisions even with respect to 'dealer's talk'; the courts taking the view that a vendor, guilty of falsehood, made with intent to deceive, should not be heard to say that the purchaser ought not to have believed him."

Concluding that appellant's contention should not be sustained, we affirm the judgment of the trial court.