**MILLER v. FLYNN et ux.    (No. 281.)**

(Court of Civil Appeals of Texas. Waco. Dec.
17, 1925. Rehearing Denied Feb. 4, 1926.)

1. **Appeal and error ⬤⇒912—Every reasonable
   intendment indulged in favor of sufficiency of
   controverting affidavit to plea of privilege not
   excepted to.**

On appeal from order overruling plea of
privilege, defendant not having excepted to alle-
gations of controverting affidavit, every reason-
able intendment is to be indulged in favor of its
sufficiency to support findings of court and judg-
ment rendered by him thereon.

2. **Appeal and error ⬤⇒994(3)—Weight to be
   given testimony of defendant as witness in his
   own behalf held for trial court.**

Weight to be given to testimony of defend-
ant as a witness in his own behalf, when testi-
fying on plea of privilege, was question for trial
court.

3. **Appeal and error· ⬤⇒996—Inferences and
   conclusions of fact to be drawn from ·evidence
   peculiar province of trial court.**

On trial of plea of privilege, it was peculiar
province of trial court to draw all inferences
and conclusions of fact properly deducible from
facts and circumstances introduced in evidence.

4. **Venue ⬤⇒8—Personal presence and partici-
   pation in fraud by defendant residing in an-
   other ,county not necessary to fix venue in
   county where fraud committed.**

Neither personal presence and participa-
tion in alleged fraud by defendant residing in
another county, nor showing that such defend-
ant authorized perpetration of fraud, is indis-
pensable to fixing of venue, under Complete
Tex. St. 1920 or Vernon's Sayles' Ann. Civ. St.
1914, art. 1830, § 7, in county where alleged
fraud was committed.

5. **Appeal and error ⬤⇒1024(3)—Order over-
   ruling plea of privilege not reversed merely
   because evidence preponderates against it.**

On appeal from order overruling a plea of
privilege, appellate court will not reverse dis-
position merely because evidence may prepon-
derate against it, but will affirm trial court's
action, where there is enough evidence to raise
issue of fact as ·to whether or not alleged
grounds of venue existed.

6. **Pleading ⬤⇒111—Evidence held to raise is-
   sue of fraud in L. county, so as to make de-
   fendant residing in another county suable
   there with other defendants.**

In suit for fraud in exchange of lands with
jurisdiction in L. county, where alleged fraud
was committed, being claimed under Complete
Tex. St. 1920, or Vernon's Sayles' Ann. Civ.
St. 1914, art. 1830,·§ 7, evidence *held* to raise is-
sue of fraud in L. county so as to make defend-
ant residing in another county suable there to-
gether with other defendants.

Appeal from District Court, Leon County;
Carl T. Harper, Judge.

Action by W. E. Flynn and wife against
Will F. Miller and others. From a judgment

overruling a plea of privilege by the named
defendant, he appeals. Affirmed.

Andrews, Streetman, Logue & Mobley and
W. L. Cook and Howard P. Green, all of
Houston, for appellant.

M. L. Bennett and E. R. Swanger, both of
Normangee, for appellees.

GALLAGHER, C. J.    This is an appeal
from an interlocutory judgment of the dis-
trict court of Leon county, overruling a plea
of privilege. The parties will be designated
as in the trial court.

W. E. Flynn and wife instituted this suit
in said court against J. W. Bilsborough and
his wife, Mrs. J. W. Bilsborough, and Will F.
Miller, to recover damages in the sum of
$10,000, alleged to have been suffered by them
by reason of certain false representations
made to them by defendant J. W. Bilsbor-
ough, which representations induced them to
deed certain lands belonging to them to de-
fendant Mrs. J. W. Bilsborough, and to exe-
cute and deliver to defendant Will F. Miller,
in addition thereto, certain promissory notes
in the sum of $12,000 as consideration for
deeds from said Miller conveying to them cer-
tain lands situated in Hidalgo county, Tex.
Defendant Will F. Miller filed his plea of
personal privilege to be sued in Harris coun-
ty, his place of residence. Said plea was in
statutory form. Plaintiffs filed an affidavit
controverting said plea, in which they al-
leged, in substance, that their cause of ac-
tion was based upon false and fraudulent
representations made by defendant J. W.
Bilsborough in Leon county; that said Bils-
borough represented the 160 acres of land
so deeded to them to be irrigated land, that
a part of the same was in a high state of cul-
tivation, and that the remainder could be put
in a high state of cultivation at little or no
expense, and that said lands were worth $250
per acre; that Bilsborough knew such repre-
sentations to be false and made them with in-
tent to defraud plaintiffs and to induce them
to act thereon·; that they relied on such
representations and acted on them in enter-
ing into said contract; and that they would
not have entered into nor have executed said
contract but for said representations and
their reliance thereon.    Plaintiffs further
alleged, in substance, that defendant Bilsbor-
ough was acting in the premises in the fur-
therance of a plan and design of himself,
Mrs. J. W. Bilsborough, and said Will F. Mil-
ler, and, in furtherance of such plan, had such
notes executed by plaintiff made payable to
the said Miller and delivered to him, and, in
furtherance of said plan, had deeds to the
lands conveyed by plaintiffs executed to Mrs.
J. W. Bilsborough; that, if said J. W. Bils-
borough was not acting together in carrying
out a common design with said Miller and
said Mrs. Bilsborough, they each received

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 24, 1926.

benefits from said fraudulent acts of Bilsborough. Jurisdiction in Leon county was expressly claimed on the ground of fraud under section 7 of article 1830, Complete Texas Statutes 1920, or Vernon's Sayles' Ann. Civ. St. 1914. To this controverting affidavit defendant Miller neither excepted nor replied.

Plaintiff Flynn on hearing of defendant's plea of privilege, testified in support of his controverting affidavit to the material facts alleged therein. He further testified to facts tending to show that, in order to irrigate the Hidalgo county land, large expenditures would have to be made. There was no contention that Miller personally participated in negotiating the terms of trade, nor in making the representations complained of.

Defendant Miller testified in his own behalf. His testimony showed that he executed the deeds to plaintiffs by which the Hidalgo county lands were conveyed to them; that he had held a deed to a part of said lands for several months prior to this transaction; that said land was deeded to him because there was an abstract of judgment against Bilsborough recorded in Hidalgo county, and because Bilsborough owed him some small sum or sums of money; that there was a deed in a bank at Houston, conveying to Mrs. Bilsborough the remainder of said land; that Bilsborough approached him and asked him to go on his note at the bank, or to let him have some money to raise a deed, and that he indicated a willingness to help him, if properly secured; that subsequently Bilsborough brought him a $6,000 note, payable to a Houston bank, and asked him to indorse the same which he did; that on the advice of his (Miller's) attorney, he had the deed conveying the remainder of said lands to Mrs. Bilsborough returned to the grantor and a new deed executed conveying said lands directly to him; that he executed the deed conveying both said tracts to plaintiff and accepted notes in the sum of $12,000, payable to himself therefor; that said notes were never paid, and he sued in his own name and recovered judgment on the notes given for one tract of said land with foreclosure of vendor's lien; that he had said land sold and purchased the same under his judgment and still held the same; that he sued his unpaid vendor to rescind the sale and recover the other two tracts of land; that he secured a judgment for the title and possession to said land; and that he still holds the same, together with the land purchased at foreclosure sale, in his own name. Defendant Miller further testified in his own behalf that he thought the original indebtedness owed him by Bilsborough in connection with his holding title to the first tract of land had been fully paid before the transaction here under consideration was consummated; that he had no interest in the matter except to aid Bilsborough to finance the transaction and to secure the $6,000 for which he was liable by reason of his indorsement of said note; that the suits above referred to for foreclosure of lien and for recovery of said tracts of land were brought in his name by an attorney for Bilsborough; and that he held the title to all said lands for Bilsborough on payment of the amount due him. No other witnesses were called.

The court entered an order overruling defendant's plea of privilege and continuing the case to the next succeeding term. Said interlocutory judgment is here presented to this court for review.

The trial court, at the request of defendant Miller, filed conclusions of fact as follows:

"I find as a fact that none of the defendants reside in Leon county, Tex., and that none of them did reside in said county at the time of the filing of this suit, and that none of them have ever resided in Leon county, Tex., and that the defendant Miller resides in Harris county, Tex., and has at all times since the filing of this suit resided therein.

"I find as a fact that the relation of agency existed between Bilsborough and Miller in the transactions complained of in plaintiffs' petition and controverting affidavit, and that in said transactions complained of the defendant Bilsborough was acting for himself and for the defendants Miller and Mrs. J: W. Bilsborough as well.

"I find as a fact that the defendant Miller received benefits from the transactions complained of, and while his evidence tends to dispute the fact that he was interested in the lands sold in any manner other than as the holder of the same in trust for the payment of a security debt, yet, when taken in connection with the facts that he was holding the same to shield Bilsborough from judgments obtained against him, the said Bilsborough, and also received the notes in payment therefor in his own name, filed suit on them, and obtained judgments thereon in his own name, and appears now to be the owner and holder of said judgments, and under the facts pleaded, if a case of fraud appears, then Miller is and was interested in said entire transaction, and received benefits such as to make his a greater interest than a mere security holder.

"I find as a fact that the transactions complained of were in furtherance of and in carrying out a common design among all parties defendants, Miller, Bilsborough, and Mrs. Bilsborough."

[1-3] Defendant not having excepted to the allegations of the controverting affidavit, every reasonable intendment must be indulged in favor of its sufficiency to support the findings of the court and the judgment rendered by him thereon. Whaley v. Thomason, 41 Tex. Civ. App. 405, 93 S. W. 212. Plaintiffs' allegation that the action of Bilsborough in the premises was in furtherance of a plan and design of all the defendants, including the defendant Miller, was, in the absence of exception, broad enough to include either express or implied authority from Miller for such action. In addition thereto, plaintiffs alleged

that Miller received the benefits from the fraud perpetrated upon them by Bilsborough. The trial court found the facts to be as alleged in said controverting affidavit. The weight to be given to the testimony of the defendant Miller as a witness in his own behalf was a question for the trial court. Moore v. Moore (Tex. Civ. App.) 259 S. W. 322, 327, and authorities there cited. He could credit such testimony, so far as it tended to show liability on the part of Miller, and reject so much thereof as tended to exculpate him from liability. It was the peculiar province of the trial court to draw all inferences and conclusions of fact properly deducible from the facts and circumstances introduced in evidence. Texas Life Insurance Co. v. Legg (Tex. Civ. App.) 229 S. W. 587, 588.

[4, 5] This is a case in which venue in Leon county as to the defendant Miller and his liability on the cause of action asserted against him are both dependent on proof of actionable fraud perpetrated on plaintiffs in said county and his responsibility in law therefor. His personal presence and participation in the fraud charged were not indispensably necessary to fix venue in Leon county, nor to authorize a recovery against him by plaintiffs on the cause of action alleged; neither was it indispensably necessary that they should show that he authorized the perpetration of such fraud. Barbian v. Grant (Tex. Civ. App.) 190 S. W. 789, 791, 792; Wolf v. Perryman, 82 Tex. 112–120, 17 S. W. 772; Foix v. Moeller (Tex. Civ. App.) 159 S. W. 1048, 1052; Seimer v. James Dickson Farm Mortgage Co. (D. C.) 299 F. 651; 27 C. J. pp. 11, 12, § 122. We think the rule laid down by the Court of Civil Appeals for the First District in the case of Ulrich v. Krueger, 272 S. W. 824, 825, is correct and should govern our disposition of this appeal. Such rule is as follows:

"We do not think, on appeal from an order overruling a plea of privilege, this court should reverse the judgment and order other disposition of the cause merely because the evidence may preponderate against it, but should affirm the trial court's action, where there is enough evidence to raise an issue of fact over whether or not the alleged ground of the venue existed. Especially would this course commend itself to us as being the appropriate one, where, as here, both the venue as laid and the liability of the defendant sued depend upon proof of the same fact; that is, fraud in this instance. So viewing the matter, it is only necessary to determine whether or not such question of fact was raised here."

[6] After a careful examination of the findings of fact by the court and of the statement of facts in this case, we have reached the conclusion that the issue of such fraud in Leon county as to make defendant Miller suable there, together with the other defendants in

the case, was raised. We do not deem it proper to further discuss the evidence in advance of a trial on the merits.

We have examined all the points presented by defendant as grounds for reversal of the interlocutory judgment appealed from, and are of the opinion that none of them require or justify such action. Discussion of each such point in detail would unduly extend this opinion.

The judgment of the trial court is affirmed.