## DUNCAN v. VAN–TEX ROYALTY CO. et al.

### No. 1226.

Court of Civil Appeals of Texas. Waco.

June 23, 1932.

W. B. Harrell, of Dallas, for appellant.

Conner & McRea, of Eastland, and J. T. Spencer, of Waxahachie, for appellees.

GALLAGHER, C. J.

This appeal is prosecuted by J. L. Duncan from an interlocutory order of the district court of Ellis county overruling his plea of privilege.

This suit was instituted by Van-Tex Royalty Company, suing as an unincorporated joint-stock association, T. J. Dorsett, suing as sole trustee thereof and also in his individual capacity, and 140 others, suing in their respective individual capacities as purchasers and holders of interests or shares in said Royalty Company, against J. B. Miller, Clay Hight, J. L. Duncan, and W. B. Harrell, all of whom were alleged to reside in counties other than Ellis, to recover damages for false representations which they alleged were made to them and constituted a material inducement to the purchase by them of their respective interests or shares in said Royalty Company. Appellant, Duncan, filed a plea of privilege to be sued in Dallas county, which he alleged had been at all times pertinent to the issue of venue his only residence. Appellees duly controverted said plea. The allegations of their controverting affidavit are extensive, and are substantially the same as the allegations in their petition. Briefly stated, they asserted venue in Ellis county on the ground that false representations concerning the properties held by said Royalty Company were made to them in Ellis county, and that they there purchased the interests or shares held by them respectively believing such representations to be true. They alleged that such representations were made by employees or representatives of the defendant J. B. Miller, and alleged that appellant, Duncan, was a partner of said Miller in the sale to them of their respective interests or shares in said Royalty Company and its properties, and that said Duncan received financial benefits derived through such sale; such benefits being a part of the proceeds of the sale of such interests or shares to them respectively.

Said Duncan owned an interest in the minerals in and under two separate tracts of land in Van Zandt county. Each of said tracts was under mineral lease to an oil company, and thereafter a large quantity of oil was produced from at least one of said tracts. Duncan desired to make an advantageous disposition of his interest in said lands, and, in order to effectuate such disposition, invoked the aid of defendant Miller. A written agreement concerning such disposition was entered into between them, but said Miller, who testified by deposition, declined to attach the same or a copy thereof to his answers in the case, though he admitted that said agreement was in the hands of his attorney. Miller consulted with Murphree, Atkins, and Sewell with reference to aiding in the disposition of

Duncan's interest in said land, and referred them to him for further information concerning the same. Murphree and Atkins then discussed the matter in some detail with Duncan. He assured them that he would stand behind any trade that Miller made. Both Miller and Duncan represented that Duncan's interest in said lands was materially greater than it really was, and especially that his interest in one of the tracts was eight times greater than it really was. Duncan conveyed his interest in said lands to Miller, but Miller testified that the same remained the property of Duncan, and that his only interest therein was a share of the proceeds of the sale thereof. Miller then, as the ostensible owner of such interest in said lands, conveyed the same to one Clay Hight as trustee, providing in such conveyance that "said property shall be held and managed by the trustee under this agreement for the benefit of the holders from time to time of the certificates of shares from time to time issued and outstanding hereunder." He further provided in said conveyance that the capital of such trust, for the purpose of issuing certificates, should be divided into 304 shares. No par value of such shares was stated. The trustee was required to prorate the royalties received from such lands to the shareholders. About the same time, Miller entered into a written agreement with Murphree, Atkins, and Sewell, by which they undertook to sell said 304 interests or shares in said trust property, to be evidenced by certificates, for 25 per cent. of the proceeds of the sale thereof. Said contract stipulated that the first 100 of such certificates should be sold for the sum of $62.50 each, the second 100 for the sum of $75 each, and the remainder for the sum of $87.50 each. Special provisions for varying the amount of selling commissions contained in said agreement are immaterial. The proceeds of sales after deducting commissions for selling were to be paid by the selling agents to the trustee. Such agents thereafter sold to appellees herein all of said 304 shares except 21 at the prices stipulated, and, after deducting their commissions, deposited the proceeds of such sales with the trustee. They represented to each of said purchasers that the interest in the minerals in and under said lands so held by the trustee was, as to one tract at least, eight times greater than it really was. Most of said sales were made in Ellis county. It was shown affirmatively that some of the purchasers relied solely on such representations as to the quantum of interest in the minerals in and under said land so held by such trustee. The 21 shares remaining unsold were returned to said Duncan. A part of the proceeds of sale deposited with the trustee were paid by him to said J. B. Miller and the remainder to the assignee of said Duncan. Thereafter the trustee Hight resigned, and appellee T. J. Dorsett was ap-

pointed trustee in his stead. Said change was expressly approved by Duncan. Production of oil from said land was begun shortly after the sale of shares was completed. The company owning the lease paid to the trustee only one-eighth of the royalty to which such trustee would have been entitled had the representations concerning the quantum of interest held by him been true. No question with reference to joinder of parties or causes of action was urged by appellant, Duncan, or considered by the court in the hearing on his plea of privilege. The court entered an order overruling said plea.

### Opinion.

■ Appellant assigns as error the action of the court in overruling his plea of privilege. He contends in support of such assignment that appellees' controverting affidavit fails to state any ground for maintaining venue in Ellis county and fails to show any ground for recovery against him. Appellees, in their controverting affidavit hereinbefore referred to, alleged that the properties conveyed to the trustee for the benefit of the shareholders in said Royalty Company consisted of an interest in the minerals in and under certain designed tracts of land; that they purchased such shares upon express and false representations that the interest so vested in the trustee was many times larger than it really was, and that said Miller had expressly authorized the selling agents to make such representations to them. Appropriate allegations of reliance upon such representations and resulting damage were made. Appellees further alleged therein that appellant, Duncan, was a partner of said Miller in such transaction, and that he was interested in the proceeds of such sales and received a part thereof. Such allegations charged appellant, Duncan, with actionable fraud under the provisions of article 4004 of our Revised Statutes. Sibley v. Southland Life Ins. Co. (Tex. Sup.) 36 S.W.(2d) 145, 146, par. 1; James-Dickinson Farm Mortgage Co. v. Harry, 273 U. S. 119, 47 S. Ct. 308, 310, pars. 6 and 7, 71 L. Ed. 569; Vredenburgh v. Bachman (C. C. A.) 11 F.(2d) 473.

■ Appellant does not seriously assail the sufficiency of the evidence to support said allegations. He merely contends that, in the absence of proof that he personally made the representations complained of or was personally present at the time they were made, venue in Ellis county was not shown, notwithstanding he or his assignee received his share of the proceeds of such fraudulent sales. Appellant, under the testimony presented, is shown to have authorized or acquiesced in the action taken by Miller to dispose of his interest in said lands for their joint benefit. Such being the case, he is responsible in law for any damage arising from reliance upon false representations author-

ized by Miller and made by the selling agents to the several purchasers of shares in the Royalty Company. Appellant's personal presence and participation in the actual making of such false representations were not indispensably necessary to fix venue in Ellis county nor to authorize recovery against him on the cause of action alleged. Miller v. Flynn (Tex. Civ. App.) 279 S. W. 879, 881, pars. 4 and 5; Masterson v. Baughn (Tex. Civ. App.) 242 S. W. 1080; Horner v. Caldwell (Tex. Civ. App.) 256 S. W. 1023; Kleine Bros. v. Gidcomb (Tex. Civ. App.) 152 S. W. 462, 463, par. 1; Adkins v. Essler (Tex. Civ. App.) 38 S.W. (2d) 411, 413, par. 5; Reed v. Hester (Tex. Com. App.) 44 S.W.(2d) 1107, 1109, par. 5 et seq.; Alderdice v. Great Southern Life Insurance Co. (Tex. Civ. App.) 38 S.W.(2d) 873, 874, and authorities there cited; Rowan v. Wurzbach (Tex. Civ. App.) 44 S.W.(2d) 1033, 1036, pars. 2 and 3.

The judgment of the trial court is affirmed.