## WARDLAW v. PACE et al.
### No. 1181.

Court of Civil Appeals of Texas. Eastland.
Dec. 8, 1933.

Rehearing Denied Jan. 5, 1934.

L. J. Wardlaw, of Fort Worth, and W. H. Lipscomb, of San Angelo, for appellant.

Robert E. Bowers, of Breckenridge, for appellees.

LESLIE, Justice.

This is an appeal from the judgment of the trial court overruling the plea of privilege of defendant, L. J. Wardlaw, to be sued in Tarrant county, Tex. The parties will be referred to as in the trial court.

This suit was instituted by H. C. Pace and John C. Ward, to recover damages in the sum of $2,791.20, on account of an alleged fraud claimed to have been committed against plaintiffs by defendant in Stephens county, Tex., through defendant's alleged agent A. O. Bateman, who represented to plaintiffs that a well on a certain oil and gas lease owned by defendant and sold by him to the plaintiffs contained 2,326 feet of 8¼-inch casing of the above value, when as a matter of fact it contained no such casing. The sufficiency of the pleadings and the controverting affidavit to present a case of fraud and lay the venue of a suit based thereon in Stephens county is not challenged. The defendant in prosecuting this appeal predicates error in the trial court's judgment upon a single proposition of law, namely: "There being an entire lack of any evidence that A. O. Bateman had any authority from defendant Wardlaw to make the representations relied upon by plaintiffs as constituting fraud on the part of the defendant, and as fixing venue in Stephens County, Texas, the representations, if any, so made by Bateman, were not those of the defendant Wardlaw."

The sole ground for claiming venue in Stephens county is alleged to be in substance that, in order to induce plaintiffs to purchase an oil and gas lease from defendant, Wardlaw, "A. O. Bateman was the agent of said Wardlaw and said agent in Stephens County, Texas, * * * engaged in negotiating with the plaintiffs for the sale by said Wardlaw of said leasehold and the well thereon located, including the equipment contained in said well," and in said county represented to the plaintiffs "that by purchasing said property they would acquire ownership of 2,326 feet of 8¼-inch casing which was in the hole, and that such casing was used oil well casing, weighing 32 pounds per foot, and in good condition"; that the plaintiffs relied upon such representations and were induced thereby to purchase said oil and gas lease, well, and equipment, and "that on or about February 20, 1932, when the plaintiffs plugged said well and pulled the casing therefrom they found that the well did not contain said 2,326 feet of 8¼-inch casing, and that at such time it had a value of $2,791.20, for which judgment was sought with interest."

In presenting the above contention, the defendant, Wardlaw, interprets the record in this language taken from his brief: "It appears from the evidence introduced in support of plaintiffs' controverting affidavit that one A. O. Bateman did make certain representations to plaintiffs, or one of them, that the casing hereinbefore referred to was in the well on the lease, that plaintiffs relied thereon and were induced thereby to pay $2,791.20 more for the lease than they otherwise would have paid therefor; and further, that such representations were false. But, as we interpret the evidence, there is not a scintilla of testimony which proves, or tends to prove, that the defendant either expressly authorized Bateman to make such representations, or that considering his connection with the lease he had implied authority to do so, moreover, the evidence shows that Wardlaw personally made no representations whatever, either in Stephens County, or elsewhere. * * * It was incumbent on plaintiffs to show that Bateman had authority to make

the representations relied on before it can be said that they were Wardlaw's representations."

Both plaintiffs testified in support of the allegations of the controverting affidavit. The agency of Bateman to sell the property was not denied by either Wardlaw or Bateman, neither of whom testified upon the trial of the plea of privilege. The testimony shows Bateman had been a pumper and supervisor on defendant's lease for several years; that he informed plaintiffs it was for sale; that he named the price of the property and delivered to plaintiffs a log of the well with the casing record thereof, known as a part of the well owner's record of such property; that he took acceptance of the plaintiffs' offer in purchase of the property, and accompanied them to Fort Worth and introduced them to defendant, Wardlaw, as the purchasers of same. The log of the well represented same as containing 2,326 feet of 8¼-inch casing. That Wardlaw, without surprise at the arrangement for the sale, acted upon the agreement and understanding consummated by Bateman and the plaintiffs, accepted same, and drew up a transfer of the property for the consideration named. These title papers were delivered to plaintiffs who paid to Wardlaw the total consideration amounting to $17,-000.

From the foregoing excerpt from defendant's brief, it appears to be admitted by Wardlaw that the total consideration was paid upon the representations that the well contained 2,326 feet of 8¼-inch casing of the value of $2,791.20, and that no such string of casing was in the well. Nevertheless, the defendant Wardlaw attempts to relieve himself from the effect of the foregoing charge, and to have the venue of the case changed to the county of his residence on the ground that such representations were made without any authority, express or implied, on his part.

■ The agency of Bateman to act for Wardlaw in the negotiations for the sale of this property sufficiently appears from the testimony. The fact of agency may be established by circumstantial evidence. Western Union Tele. Co. v. Holt (Tex. Civ. App.) 264 S. W. 310; Lundell v. Kindred (Tex. Civ. App.) 262 S. W. 206, 208; Duncan v. Van-Tex Royalty Co. (Tex. Civ. App.) 51 S.W.(2d) 1079; 2 Tex. Jur. § 109, p. 506.

Where the fact of such agency appears, the rule stated in 2 C. J., p. 856, § 541, has application: "Where an agent in negotiating a transaction, or making a contract on behalf of his principal, makes representations, declaration and admissions in connection therewith respecting the subject matter, they will be binding on the principal where they are made at the time, and as a part of the transaction, and although they are false and fraudulent, made without the principal's knowl-edge and constituting a breach of trust against the principal. * * *"

Certainly the false representations upon which liability is predicated in the instant case go to the subject-matter of the contract, since it cannot be doubted that a leasehold estate with 2,326 feet of 8¼-inch casing in a well thereon is worth more than one without same.

As said in Barber v. Keeling (Tex. Civ. App.) 204 S. W. 139, 140: "A principal may become liable, by placing an agent in such a position, or by devolving certain duties, [upon him] that making representations will fall within the scope of his authority, as, for instance, where he is clothed with full power to sell or dispose of property, in which case the making of representations would be a usual, if not a necessary, incident. It may be conceded that the principal intended that the agent should only make truthful and fair representations; but a power to make representations would involve the power and possibility of the making of false and fraudulent ones, and, if he makes them, the principal will be responsible for them." Other authorities so holding: History Co. v. Flint (Tex. App.) 15 S. W. 912; Foix v. Moeller (Tex. Civ. App.) 159 S. W. 1048; Sargent v. Barnes (Tex. Civ. App.) 159 S. W. 366; Miller v. Flynn (Tex. Civ. App.) 279 S. W. 879; Kleine Bros. v. Gidcomb (Tex. Civ. App.) 152 S. W. 462; Wright v. Calhoun, 19 Tex. 412, 421; Masterson v. Baughn (Tex. Civ. App.) 242 S. W. 1080; American Natl. Bank v. Cruger, 91 Tex. 446, 44 S. W. 278; Allen v. Garrison, 92 Tex. 546, 50 S. W. 335; 2 Tex. Jur. § 147, p. 549; Restatement of the Law, Agency, § 258, p. 571, et seq.

■ Therefore, if an agent effects a transaction for his principal by fraudulent representations, the latter cannot escape the consequences of such conduct by asserting that he had no knowledge of the fraud. In such case, the principal cannot appropriate the fruits of the agent's efforts and incur no responsibility to the injured third party. The fact of Bateman's agency to sell the property appearing from the record, the case alleged by plaintiffs is shown sufficiently by the testimony to warrant the trial court in overruling the plea of privilege. It follows that the defendant's contention is overruled.

■ From the record before us it is probable that the defendant, Wardlaw, was unaware of any misrepresentations on the part of the agent Bateman, and, considering the appearance presented by a small piece of 8¼-inch casing at the top of the well, it is easily possible that the agent Bateman was misled as to the presence of the string of 8¼-inch casing in the well, and, believing the same to be there, made the representations alleged. As to this the record is not entirely clear, but

it is conceivable that the agent Bateman could have made the representations and at the same time have been entirely free from moral turpitude, or any desire to commit an actual fraud. Nevertheless, legal liability attaches itself to such misstatements, even though innocently made, since the person acting upon the same is damaged thereby as much as if such statements had been knowingly and purposely made.

For the reasons assigned, the judgment of the trial court is affirmed.