### TRIGG v. FAMBRO et al.

No. 2487.

Court of Civil Appeals of Texas. Eastland.

Nov. 24, 1944.

Rehearing Denied Dec. 22, 1944.

F. D. Wright, of Cisco, for appellant.

L. H. Welch, of Breckenridge, for appellees.

GRISSOM, Justice.

H. R. Fambro instituted this suit in the District Court of Stephens County against J. A. Trigg and Roy Townsend, residents of Eastland County. Plaintiff alleged that he suffered damages as a result of a fraud perpetrated on him by defendants in Stephens County. Trigg filed a plea of privilege asserting his right to be sued in Eastland County. Upon a trial to the court judgment was rendered overruling his plea of privilege, and he has appealed.

■ Appellant's sole contention is stated in his brief as follows: "There was no evidence introduced on the trial of this cause to show or remotely indicate that Mr. J. A. Trigg participated in any fraud. He was not in Breckenridge, Texas, nor did he authorize anyone to make any statement for him." We consider this as a point presenting the proposition that there was no evidence of a fraud perpetrated on Fambro in Stephens County for which Trigg was legally responsible. In Miller v. Flynn, 279 S.W. 879, 881, it was held that neither the personal presence and participation in an alleged fraud by a defendant residing in another county, nor a showing that such defendant authorized the perpetration of a fraud, is indispensable to fixing venue in a county other than that in which defendant resides, under section 7 of article 1995, Vernon's Ann.Civ.St. Our decision in Wardlaw v. Pace, 66 S.W.2d 350, 351, and the decision in Duncan v. Van-Tex Royalty Co., 51 S.W.2d 1079, 1080, are to the same effect.

■ Appellee Fambro asserted the right to maintain the suit against Trigg in Stephens County under exceptions 7 and 9

of article 1995. There are no findings of fact or conclusions of law in the record. Under the circumstances we are required to presume that the trial court resolved every issuable fact in support of the judgment. Furthermore, we are required to review the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the appellee. Discarding all evidence to the contrary, and giving full effect to all evidence favorable to the appellee, we must determine whether or not the evidence was sufficient to authorize the trial court to find that the cause against Trigg might be maintained in Stephens County under either section 7 or 9 of article 1995. Bucyrus-Erie Co. v. Smith, 168 S.W.2d 896.

■ Fambro testified in substance that on September 1, 1943, he was engaged in the business of raising hogs for the market on his ranch in Stephens County; that he attended a livestock auction in Stephens County, where he purchased 31 hogs; that Roy Townsend brought the hogs to the auction from Cisco in Eastland County; that before he purchased the hogs Fambro inquired of Townsend whether the hogs were diseased and was assured they were not; that he relied upon Townsend's representation and purchased the hogs; that he took the hogs to his ranch and fed them a few hours after they were bought; that they refused to eat; that five were dead the next morning; that all but five died within two days after he purchased them; that the remaining five died within a few days thereafter; that his other hogs became infected with cholera, or the disease with which the hogs so purchased were suffering when he bought them; that shortly after the sale, when all the hogs purchased by Fambro at the auction had died, Fambro went to Trigg's sales pen in Cisco; that he talked with both Trigg and Townsend; that Trigg admitted that the hogs Fambro had purchased came out of Trigg's sales pen on the morning of the day they were purchased by Fambro. Trigg admitted he had owned the hogs, but he testified that after a sale, in which he was only offered 50¢ a head for them, "I told the boys (Townsend and Hunt) after the sale that if they wanted them and would give me 75¢ a head for them they could have them." He did not testify directly that Townsend and Hunt accepted his offer. Fambro testified that Trigg told him he fed the pigs on the morning of the sale before "he loaded

them out of his pen." Fambro testified in substance that when he approached Townsend and Trigg together and accused them of selling him diseased hogs, Townsend, in Trigg's presence, said he took the hogs to Breckenridge and sold them for Trigg, and that Trigg did not deny it. There was testimony to the effect that Townsend and Hunt had both worked for Trigg. The check given by the operators of the auction, or sales lot, to Townsend in payment for the hogs sold to Fambro was introduced in evidence. It was endorsed by Trigg. We think that the evidence raises an issue of fact as to whether there was a fraud perpetrated on Fambro in Stephens County for which Trigg was legally responsible. The trial court, presumably, has so found. There is evidence from which the trial court may have concluded that Townsend, as the agent of Trigg, carried the hogs to Stephens County and in selling them for Trigg falsely represented to Fambro in Stephens County that the hogs were not diseased; that Fambro relied upon said representation and purchased the hogs, as a result of which he was damaged. This is sufficient to bring the case within exception 7 of article 1995 and to sustain the trial court's judgment. Bell v. Twaddell, 45 S.W.2d 697; Wardlaw v. Pace, 66 S.W.2d 350, 351; Miller v. Flynn, 279 S.W. 879, 881; Duncan v. Van-Tex Royalty Co., 51 S.W.2d 1079, 1080; Howe Grain & Mercantile Co. v. Galt, 32 Tex.Civ.App. 193, 73 S.W. 828; Sharp v. Mead, 127 S.W.2d 510, 511; Kazmeir v. King, 131 S.W.2d 162.

The judgment is affirmed.