## THOMAS et al. v. HALLER et al.

### No. 2813.

Court of Civil Appeals of Texas. Waco.
Oct. 21, 1948.

G. C. Jackson, of Crystal City, for appellant Dr. W. L. Barnard.

684

· Urban Farrow, of Carrizo Springs, for appellant Mrs. Lena S. Thomas.

Pat Legan, of San Antonio, for appellees.

LESTER, Chief Justice.

Appellees brought suit in one of the district courts of Bexar County against Mrs. Lena S. Thomas of Dimmit County and Charles Marshall, a resident of Bexar County, to set aside the sale of certain lots located in Catarina in Dimmit County, including the sale of a telephone exchange located upon said lots, and for the recovery of money paid, and for the cancellation of three notes executed by appellees as part of the consideration for the purchase price of said property, two of said notes, one for the sum of $3000.00 and one for the sum of $4000.00, being payable to Mrs. Thomas and secured by vendor's and deed of trust lien, and the other note being an unsecured note for $1000.00 and payable to Mrs. Thomas' agent, Charles D. Marshall, on the ground of certain false and fraudulent representations made to them in Bexar County by the said· Marshall.

The sale was ·consummated on July 15, 1947, and Mrs. Thomas assigned the $3000.-00 and $4000.00 notes that were payable to her to W. L. Barnard of Dimmit County, without recourse on her, for the sum of $5000.00, and he was made a party defendant and cancellation was sought of the two notes held by him.

The appellants Mrs. Thomas and Barnard filed separate pleas of privilege. Appellees filed a controverting affidavit in response to each of said pleas and sought to sustain venue in Bexar County against each of the appellants under subdivisions 4, 7, 9, 10 and 29a of Article 1995 of the Revised Civil Statutes, Vernon's Ann.Civ. St. art. 1995, subds. 4, 7, 9, 10, 29a. Each of the controverting affidavits referred to and adopted the allegations of their first amended original petition, and in the controverting affidavit filed against the plea of privilege of Barnard the appellees referred to and adopted the allegations of their controverting plea filed in reply to Mrs. Thomas' plea of privilege.

Upon a hearing of the pleas of privilege the court overruled each of the same. The

appellants appealed to the Court of Civil Appeals at San Antonio and the case has been transferred to this court by the Supreme Court. The appellants have filed separate briefs.

The trial court did not file findings of fact or conclusions of law and no request was made of him to do so. In the absence of such findings of fact and conclusions of law, we are required to presume that the trial court resolved every issuable fact in support of the judgment, and the evidence must be viewed in the light most favorable to the appellees and given the benefit of all reasonable inferences that may be drawn therefrom.

The pleadings of appellants are quite lengthy, covering more than twenty pages, and the statement of facts contains more than one hundred pages, so it would be impracticable to give in detail the pleadings or the evidence.

Both of the appellants contend that the evidence failed to sustain the following facts: that Marshall was the agent of the appellant Mrs. Thomas; that she made or authorized any misrepresentations, or that she participated in such fraud or had any knowledge of the same. Appellant Barnard further asserts that it is not shown that he is either a proper or necessary party to this suit.

Appellees, in addition to the allegation of fraud upon the part of Marshall, pleaded that the appellant Mrs. Thomas either paid or permitted Marshall to retain the sum of $1500.00 out of the cash paid by them, as a part of his commission, and that appellant Mrs. Thomas and Marshall agreed between themselves that part of the deferred purchase money of $8000.00 represented by notes should be made payable to Marshall as an additional commission for the sale of said property; that the note drawn up by the defendants in pursuance of said agreement is the note in the sum of $1000.00, payable to Marshall, described in appellees' petition, and they prayed for a joint and several judgment in the sum of $5000.00, being the amount paid by appellees as part of the purchase price of said property, and further prayed for a rescission of the sale and cancellation of the deed of trust and

all three of said notes. As to both of the appellants, the appellees alleged in paragraph 14 of their first amended original petition: "That the defendant, Mrs. Lena S. Thomas, by answer filed in this cause on November 5, 1947, has alleged that she sold, transferred and negotiated the two promissory notes payable to her, in the respective amounts of $3000.00 and $4000.00, as heretofore described in this petition, to W. L. Barnard of Carrizo Springs, Dimmit County, Texas; that such transfer was a part of a conspiracy to defraud plaintiffs by giving the appearance of being a bona fide transfer to a holder in due course; that at the time of filing the original petition herein, to-wit, on October 29, 1947, plaintiffs did not know that such transfer had been made; that the said W. L. Barnard took the notes in bad faith for the purpose of harassing plaintiffs and for the purpose of enabling defendant, Lena S. Thomas, to effect collection of the notes, free from the defense of fraud in their procurement; that the said W. L. Barnard did not pay any value for said notes; that at the time the notes were negotiated to the said W. L. Barnard, he had actual notice of the infirmities in the instruments and had actual notice of the defects in the title of the said Lena S. Thomas to the notes, in that he had full knowledge of the fraud practiced upon plaintiffs by defendants in the sale of the said Catarina Telephone Exchange and property; that the said W. L. Barnard is not a holder in due course of said notes, and that plaintiffs' cause of action for fraud in the procurement of said notes exists against the said notes in the hands of W. L. Barnard."

The evidence showed that Marshall was a resident of Bexar County, Texas; that Mrs. Thomas listed the property in question with him for sale, giving him the exclusive agency of the same for said purpose; that he made a contract with appellees for the sale of the property for her, signing the same as her agent; that she later signed the same just above the signature of Marshall; that she knew that Marshall had the property advertised for the sum of $13,000.00; that the appellees paid the earnest money required by the contract and the cash down payment, totalling $5000.00, to the said Marshall in Bexar County, Texas, out of which he retained $1500.00 as a part of his commission and paid to appellant Mrs. Thomas the balance of $3500.00, and that the $1000.00 note executed to Marshall was for part of his commission; that Marshall made false representations to the appellees in Bexar County; that the same were highly material and that they were believed and relied upon by the appellees and were the inducing cause of appellees purchasing the property in question, and that they sustained a pecuniary injury thereby. The evidence further shows that the appellant Mrs. Thomas transferred the $3000.00 and the $4000.00 vendor's lien notes to appellant Barnard, without recourse on her, for the sum of $5000.00.

Subdivision 7 of Article 1995, Revised Civil Statutes, as amended, provides that in all cases of fraud, suit may be brought in the county where the fraud was committed, or any of such suits may be brought where the defendant has his domicile. So it is clearly revealed that the appellees are entitled to have their suit tried in Bexar County as to the appellant Mrs. Thomas, and the proposition raised by the appellants to the effect that appellant Mrs. Thomas did not have knowledge of or authorize such misrepresentations or participate in the same does not afford sufficient reason for transferring this case to the county of her residence, because they were not required to prove such facts. Wardlaw v. Pace, Tex.Civ.App., 66 S.W. 2d 350; Trigg v. Fambro et al., Tex.Civ. App., 184 S.W.2d 666; Austin Bros. v. First Baptist Church, Tex.Civ.App., 77 S.W.2d 891; Miller v. Flynn, Tex.Civ.App., 279 S. W. 879; Duncan v. Van-Tex Royalty Co., Tex.Civ.App., 51 S.W.2d 1079.

Subdivision 4 of Article 1995, Revised Civil Statutes, provides that: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or trans-

686

fer had been made." It has been held by the Supreme Court of this state that in order to come within the provisions of subdivision 4, it is necessary to allege a joint cause of action against the resident defendant and the nonresident defendant, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Texas Venetian Blind Co. v. Bond, Tex. Sup., 205 S.W.2d 977.

 We are of the opinion that appellees have complied with the rule laid down by the Supreme Court, in that they alleged a joint and several cause of action against Marshall, the resident defendant, and Mrs. Thomas, the nonresident defendant, that included a substantial part of their suit; and that they also alleged a cause of action against both of the appellants that is so intimately connected with the cause of action alleged against the resident defendant Marshall that they should be joined under the rule intended to avoid a multiplicity of suits. Section 59 of Article 5935 provides: "Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title." Section 55 of said Article provides: "The title of a person who negotiates an instrument is defective within the meaning of this Act when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud." Appellees alleged and proved a case of fraud against the resident defendant Marshall, the agent of the appellant Mrs. Thomas, and alleged that appellant Barnard took the notes as assignee in bad faith and with

full knowledge of the fraud perpetrated in their procurement. The implied findings of the trial court to the effect that Barnard is a proper party to this suit is supported by the evidence. The issues of fact and law would be almost identical if the cause was split and separately tried between appellees and Marshall and Mrs. Thomas, and between appellees and Barnard, as the ground for rescission and cancellation is founded upon the fraud of Marshall, the agent of the appellant Mrs. Thomas.

We have considered all of the assignments raised by each of the appellants and they are hereby overruled.

The judgment of the trial court is therefore affirmed.