**KELLY et al. v. BRITTON et al. (No. 6747.)**

(Court of Civil Appeals of Texas. San Antonio. April 26, 1922. Rehearing Denied May 24, 1922.)

1. **Appeal and error 🖙1024(3)—Finding on plea of privilege not disturbed.**

Judgment overruling the plea of privilege to be sued in the county of defendants' residence cannot be disturbed, it being impossible to say that there was no evidence to support the judgment on the theory of the case being one of fraud, suit for which under Rev. St, art. 1830, subd. 7, may be instituted in the county where the fraud was committed.

2. **Pleading 🖙111—All testimony on merits not required on hearing of plea of privilege.**

On the hearing of the plea of privilege, it is not necessary for either party to introduce all the testimony on the merits of the case.

Error from District Court, Erath County; J. B. Keith, Judge.

Action by G. S. Britton and others against M. R. Kelly and others. Plea of privilege was overruled, and defendants bring error. Affirmed.

L. Old and Ditzler H. Jones, both of Uvalde, for plaintiffs in error.

Chandler & Pannill and J. A. Johnson, all of Stephenville, for defendants in error.

COBBS, J. This suit was filed by defendants in error in the district court of Erath county against plaintiffs in error to cancel an assignment of an oil and gas lease on land in Erath county and recover as consideration therefor, and, in the alternative, for damages on account of certain alleged false representations made to defendants in error by plaintiffs in error in Erath county, Tex., in respect to the oil and gas lease on two separate tracts of 50 acres of land each situated in Erath county, Tex. The fraudulent representations are sufficiently alleged and charged as made in Erath county that induced the purchase. The plaintiffs in error timely filed their plea of privilege, demanding to be sued in Tarrant county, the place of their residence. The defendants in error duly filed their affidavit and controverting plea. A trial was had before the court on the plea of privilege and controverted affidavit of defendant in error and upon testimony introduced by defendant in error; the plaintiff in error introducing none. Wherefore the trial court overruled the pleas of privilege of the defendants, and the case is now before us, challenging the ruling of the court as error properly assigned.

[1, 2] It is provided in subdivision 7 of article 1830 of the Revised Civil Statutes:

"In all cases of fraud * * * suit may be instituted in the county in which the fraud was committed."

The trial court heard the evidence on the plea, and sustained the jurisdiction of the court and overruled the plea of privilege. We cannot say there was no evidence to support the judgment. In view of the fact that this is a fraud case, we do not desire to discuss the evidence which might tend to seriously embarrass the parties upon a trial of the case upon its merits, for on the hearing on the plea of privilege it is not necessary for either party to introduce all the testimony on the merits of the case. First Nat. Bank v. Childs (Tex. Civ. App.) 231 S. W. 807.

Having fully considered the assignments of error and propositions thereunder, and finding no reversible error committed by the trial court, the assignment is overruled, and the judgment is affirmed.