## TRAPSHOOTER DEVELOPMENT CO. et al. v. WHITTON OIL & GAS CO. (No. 2947.)

(Court of Civil Appeals of Texas. Texarkana. May 29, 1924.)

**1. Venue ⬸7—Agreement held performable in county where action brought.**

Although contract did not in express terms stipulate that it was to be performed in county where suit was brought, court did not err in overruling plea of privilege, where by its terms there can be no other conclusion than that it was performable in that county.

**2. Pleading ⬸111—Unnecessary on plea of privilege to ascertain whether cause of action can be shown.**

In passing on plea of privilege it is unnecessary for trial court to ascertain whether or not a cause of action can be shown by evidence, for no appropriate judgment can then be entered.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Suit by the Whitton Oil & Gas Company against Trapshooter Development Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Ocie Speer and Jas. B. Watson, both of Fort Worth, for appellants.

Bulloch, Ramey & Storey, of Tyler, and A. A. Dawson, of Canton, for appellee.

LEVY, J. The Whitton Oil & Gas Company, an unincorporated association, composed of A. D. Matthis and four other persons, all residents of Van Zandt County, brought suit against the Trapshooter Development Company, an unincorporated trust and joint-stock association, E. A. Reilly, trustee, with its principal office and place of business in Fort Worth, Tarrant county, and E. A. Reilly individually, who resides in Tarrant county. The suit was to recover damages predicated upon the alleged grounds: (1) That the defendants had failed to comply with and breached an agreement made in consideration of the transfer and delivery of leases covering approximately 3,500 acres of land in Van Zandt county, by which agreement the defendants, within a period of six months from the date of the transfer of the leases, were to commence and to diligently prosecute the drilling of a well for oil and gas at some place upon the land covered by the leases, to the depth of 3,500 feet, or to such lesser depth as oil or gas might be found in paying quantities; and (2) that for the purpose of deceiving and inducing the plaintiff to transfer the leases to the defendants, in order that the defendants might profit by subsequently reselling and reassigning such leases, the defendants made the false and fraudulent representation to the plaintiffs, in Van Zandt county, that they would drill an oil well upon the land within six months from the date of the transfers of the leases. The defendants pleaded their privilege to be sued in Tarrant county. The plaintiff filed a controverting affidavit in contesting the plea of privilege. The court heard the plea of privilege, and overruled the same, and the defendants excepted and gave notice of appeal.

[1, 2] It is believed that the court did not err in overruling the plea of privilege. Although the contract did not in express terms stipulate that it was to be performed in Van Zandt county, yet the agreement by its terms leads to no other conclusion but that it is performable in that county. The oil well was to be drilled on the leased premises, which were located entirely in Van Zandt county. In that construction of the agreement the venue as to the entire transactions alleged in the petition was properly laid in this suit in Van Zandt county. Cecil v. Fox (Tex. Civ. App.) 208 S. W. 954; Seley v. Williams (Tex. Civ. App.) 50 S. W. 399. In passing on the plea of privilege it is unnecessary at this stage for the trial court to ascertain whether or not a cause of action can be shown by the evidence, for no appropriate judgment can then be entered. Edmonds v. White (Tex. Civ. App.) 226 S. W. 819.

The judgment is affirmed.