### PALMER et al. v. PINKSTON et al. (No. 347.)

(Court of Civil Appeals of Texas. Waco. April 1, 1926.)

**1. Pleading ⚖⇒11—Where foundation of suit involves conversion, to sustain venue evidence only need tend to raise issue of conversion.**

Where foundation of suit involves conversion, in order to sustain venue as against plea of privilege it is not necessary for the evidence to be clear and convincing that the conversion did occur, but it is only necessary that evidence tends to raise said issue.

**2. Venue ⚖⇒8.**

Conversion of property is trespass within meaning of statute providing suit upon trespass may be maintained in county where committed (Rev. St. 1925, art. 1995, subd. 9).

Appeal from Navarro County Court; A. P. Mays, Judge.

Suit by L. A. Pinkston and others against J. W. Palmer and others. From an order overruling defendants' plea of privilege, defendants appeal. Affirmed.

J. S. Simkins, of Corsicana, for appellants.
R. M. Tilley, of Corsicana, for appellees.

BARCUS, J. Appellee instituted this suit against appellant, who was alleged to be a resident citizen of Navarro county, W. N. Gear, alleged to be a transient, sojourning in Wichita county, and the Central Labor Union, a resident of Navarro county, for the title and possession of an automobile or the value thereof; plaintiff alleging that the defendants, and each of them, had converted said property in Navarro county, Tex. Appellant filed his plea of privilege in statutory form, claiming that he was a resident of Dallas county, Tex. Appellee filed his controverting affidavit, and the issues raised by the plea of privilege and answer were submitted to the court. The court after hearing the testimony overruled the plea of privilege, and it is from this order that the appeal is perfected.

[1, 2] Appellant contends that the plea of privilege should have been sustained "because the plea of conversion as alleged in plaintiff's controverting affidavit herein was not established by such clear and convincing proof as would confer jurisdiction." We

overrule this contention of appellant. Where the foundation of the suit involves conversion, in order to sustain venue it is not necessary for the evidence to be clear and convincing that the conversion did occur. It is only necessary that the evidence tends to raise said issue. Miller v. Flynn (Tex. Civ. App.) 279 S. W. 879. This is a suit for conversion, and the evidence offered on the hearing of the plea of privilege raises said issue. If there is no conversion, then there is no cause of action; and, if there was conversion, it was admittedly committed in Navarro county. Subdivision 9 of article 1995 of the Revised Statutes 1925 provides that a suit based upon trespass may be maintained in the county where the trespass was committed, and conversion of property is a trespass within the meaning of said statute. Garden Valley Mercantile Co. v. Falkner (Tex. Civ. App.) 189 S. W. 300; Ward v. Oden (Tex. Civ. App.) 153 S. W. 634.

We do not think there was any error in the trial court's overruling the plea of privilege, and the judgment is in all things affirmed.