JONES v. BOYD.    (No. 208.)

(Court of Civil Appeals of Texas. Eastland. May 21, 1926. Rehearing Denied Oct. 15, 1926.)

1. Pleading ⚖⟿111—On hearing of plea of privilege in action for taking plaintiff's dogs, it was not error to exclude testimony as to ownership, question being as to place of taking.

Upon hearing of plea of privilege to have venue changed to county of defendant's residence in suit to recover for dogs defendant took, it was not error to exclude testimony that dogs were property of defendant, since question on this hearing was as to where transaction alleged by plaintiff occurred.

2. Pleading ⚖⟿111.

In passing on issue involved in plea of privilege, court only determines where trial of rights of parties shall take place.

3. Pleading ⚖⟿111.

Burden is on plaintiff to sustain by preponderance of evidence some one of grounds of jurisdiction claimed in controverting affidavit.

4. Venue ⚖⟿8—Where resident of N. County by threats, intimidation, and false claim of ownership, took dogs in E. county, action for taking was properly brought in E. county.

Where defendant, resident of N. county, by claiming dogs were his, and by threats and intimidation, took plaintiff's dogs in E. county, action for taking was based on a crime, offense, and trespass, as well as fraud, and was properly brought in E. county, since it was within exceptions permitting suit to be maintained in county not defendant's residence.

Appeal from Eastland County Court at Law; T. J. Cunningham, Judge.

Suit by Sebe Boyd against Geo. B. Jones. From an order overruling defendant's plea of privilege, defendant appeals. Affirmed.

Scott, Brelsford, Ferrell & Brelsford, of Eastland, for appellant.

M. E. Lawrence and Chastain & Judkins, all of Eastland, for appellee.

RIDGELL, J.  Appellee brought this suit in the county court at law of Eastland county, Tex., against appellant, who resided in Navarro county, Tex., alleging that he (appellee), on September 19, 1925, was the owner of two fine wolf hounds; that on or about said date, appellant, Jones, wrongfully, fraudulently, and maliciously entered upon appellee's premises in Eastland county, Tex., and by force of arms and threats and intimidation unlawfully took, stole, and carried away from appellee the aforesaid dogs. Appellee further alleged that appellant told him that said dogs were his, but that said statements were false, and that the appellee, relying upon said statements and an intimidation by appellant, surrendered said dogs to appellant. Appellee alleged the value of the dogs to be $250, and claimed further damages for mental suffering, anguish, and humiliation in the sum of $749.

Appellant duly filed his plea of privilege, setting up his residence in the county of Navarro, state of Texas, and duly negativing the existence of any of the exceptions to exclusive venue in the county of one's residence provided by law.

Appellee filed his controverting plea, setting up that his cause of action was founded and based on crime, offense, and trespass com-

---

⚖⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mitted in Eastland county, Tex., and further that said cause of action was based upon a fraud committed in Eastland county, Tex.

Upon a hearing of appellant's plea of privilege said plea was overruled, and appellant has prosecuted this appeal to this court.

[1] First proposition advanced by appellant is that the court erred in excluding testimony of certain witnesses by depositions, who testified that the dogs involved in the suit were the property of appellant at the time of, the incident alleged in appellee's petition.

It appears that by bill of exception upon the hearing of the plea of privilege the appellant offered in evidence the depositions of four witnesses, all of whom testified that they had known the dogs in the possession of appellant since they were puppies and until the time they disappeared; that' they had seen same since they were brought back, and knew that they were the same dogs that they had known as puppies; and that they were appellant's dogs. The contention of appellant that it was prejudicial error to refuse admission of the proferred testimony of said witnesses must be overruled.

As we understand, the issue to be determined by the court upon the hearing of the plea of privilege and controverting affidavit was, not whether the dogs belonged to appellant or appellee, but to determine whether or not the transaction as alleged by appellee occurred in Eastland county, Tex.; that is, whether there was a probable fraud, or whether a crime, offense, or ' trespass was committed as alleged by appellee. If the transaction was such from the pleadings and evidence as brought the case within the statute, which permitted this suit to be maintained in Eastland county without the residence of appellant, then the jurisdiction of the court was fixed so that the rights and ownership of the dogs in question could be tried. It is not necessary and required that the evidence established facts other than those which the particular judgment is to determine. The inquiry in this case is, Where was the fraud or crime, offense or trespass committed—where did the fraudulent transaction take place? When these facts are determined, the court is prepared to decree by· judgment the issue of ownership of the dogs.

To try the ownership of the dogs would require the court to render a useless judgment; yet that might be the result if the court had tried out the issue of who owned the dogs.

[2] In passing upon an issue involved in a plea of privilege, the court only determines where a trial of the rights of the parties shall take place. Edmonds v. White et al. (Tex. Civ. App.) 226 S. W. 819; Kelly et al. v. Britton et al. (Tex. Civ. App.) 240 S. W. 1114.

[3] The burden is on plaintiff to sustain by preponderance of evidence some one of the grounds of jurisdiction claimed in contro-

verting affidavit. A. B. Richards. Medicine Company, Inc., v. Mullens (Tex. Civ. App.) 272 S. W. 516. There could be a situation where it is necessary to hear all the evidence in order to determine the proper venue. In those cases where no specific acts of fraud, crime, trespass, or offense are alleged and proven, but same are claimed to arise by reason of facts and circumstances, then occasions may require the court to hear all the evidence, but that is not the situation in this case. It follows, therefore, that no error was committed in refusing admission of said testimony, and the assignment will be overruled.

[4] By various propositions, it is insisted that the court erred in finding as a matter of law that the basis of appellee's cause of action is a crime, offense, and trespass, as well as fraud committed in Eastland county, Tex. It will not be necessary to discuss the various propositions separately, for we conclude that the findings of fact which are supported by some evidence support the conclusions of law so filed by the trial court. The trial court found the following facts:

"I find that the plaintiff, Sebe Boyd, was on and about the 19th day of September A. D. 1925, living in Eastland county, Tex., with his family and dogs, and that on and about said date, the defendant, Geo. W. Jones, who resided in Navarro county, Tex., together with his brother, who lives in Hill county, came to plaintiff's residence in Eastland county, riding in an automobile, and reaching plaintiff's residence late in the afternoon; that the defendant claimed to be wanting to lease some land in the vicinity; that plaintiff talked with them about various farms, and asked them to stay all night, which Jones and his brother did; that next morning, when defendant was ready to leave, he for the first time told plaintiff that he had come to get the dogs here in litigation; that Jones told plaintiff that the dogs were his property, and had. been stolen from him some two years ago; that defendant and his brother exhibited at least two guns, told plaintiff he was a deputy sheriff at Dawson, in Navarro county, and that he had recently beaten up a negro who had stolen one of his dogs and disputed his word, and demonstrated to plaintiff by actions with his hand, holding a 45-caliber six shooter, just how he had beaten up the said negro.

"I find that the plaintiff had not had said dogs since their birth, and did not then know but what the dogs had at one time belonged to the defendant, and that by reason of said representations, and by reason of the display of guns, and by reason of the talk of the defendant as to how he had recently treated another man, plaintiff was induced to permit the defendant to take the dogs away in the car; that plaintiff was intimidated and put in fear of the consequences to himself in the event he should resist the defendant, and believed the representations of the defendant that said dogs had once belonged to defendant, and that they had been stolen from him."

From the facts found by the trial court, it follows that appellee brought his suit within the exceptions which permit this suit to be

maintained in Eastland county. In view of the fact that this cause is to be tried upon its merits and the issues determined as to who is the owner of the two dogs, we refrain from further discussion or comment upon the facts.

This is in truth and in fact a dog case. We can easily understand why these parties go to court to settle claims as to ownership of these dogs. Tributes have been paid in poetry and in song to this animal, and the faithfulness and loyalty of the dog to its master has been the appealing reason for the mutual attachments. One of the sad things is that the sweet music of the old hound dog is swiftly passing away, with the time soon to be when his chase for the deer and fox followed by excited sportsmen will be but a memory. It is for these reasons and many others that this court regrets that some way cannot be found to give both parties the two hound dogs.

Finding no error of the court in overruling the plea of privilege, it must be our order that the judgment of the trial court must be affirmed.