## HENDERSON et al. v. LAMBERT.
### (No. 2798.)

Court of Civil Appeals of Texas. Amarillo.
March 30, 1927.

Rehearing Denied April 20, 1927.

**1. Mines and minerals  ⊂⇒57—Failure of contract for oil lease to describe land was eliminated by description in lease to be attached.**

Failure of contract for execution and delivery of oil and gas lease to describe land was eliminated by description thereof in lease to be attached to contract, as both must be construed together.

**2. Venue  ⊂⇒7—Action for breach of contract by failure to deliver oil lease in escrow to named bank held properly brought in county of its domicile.**

Action for breach of contract by failure to deliver oil and gas lease in escrow with named bank *held* properly brought in county of such bank's domicile.

**3. Appeal and error  ⊂⇒1024(3)—Ruling on plea of privilege will not be reversed, because evidence preponderates against it, if sufficient to raise issue of fact.**

Appellate court will not reverse trial court's ruling on plea of privilege, because evidence preponderates against it; but, if testimony is sufficient to raise issue of fact as to alleged grounds of venue, judgment will not be disturbed.

Appeal from District Court, Knox County; H. R. Wilson, Judge.

. Action by B. Lambert against Mrs. S. J. Henderson and another. From a judgment overruling defendants' plea of privilege, they appeal. Affirmed.

Carrigan, Britain, Morgan & King, of Wichita Falls, for appellants.

E. E. Fischer, of Wichita Falls, for appellee.

JACKSON, J. The appellee, B. Lambert, instituted this suit in the district court of Wichita county, Tex., against the appellants, Mrs. S. J. Henderson, and her son, John Henderson, for the recovery of $5,000 as damages for the alleged breach of a contract.

The appellee pleads that about the 23d day of October, 1924, he entered into a written contract with Mrs. S. J. Henderson, by the terms of which she agreed to execute and deliver in escrow for him, with the First National Bank of Wichita Falls, Tex., an oil and gas lease on Producers' 88 form, conveying to him 50 acres of land in Archer county, Tex., a copy of which contract is attached to and made a part of his petition; that the consideration for the execution and delivery of said oil lease was his promise and agreement to commence and prosecute with due diligence the drilling of a well for oil and gas on a tract of land belonging to W. M. Coleman near the 50-acre tract of land leased to him by Mrs. Henderson; that he in good faith began and completed the drilling of the well on the Coleman land in compliance with his agreement; that, although both the contract with appellants and the lease from Mrs. Henderson were properly executed, they failed and refused to place them in escrow in the First National Bank at Wichita Falls, Tex., and failed to deliver to him the lease; that John Henderson was the agent of Mrs. Henderson, and represented to him in Wichita county that the lease contract conveying the oil and gas on said 50 acres of land had been placed in escrow in the First National Bank of Wichita Falls, which representation was false and untrue; and that he, relying on such representation, had drilled and completed the well as provided for and contemplated by the parties. He further alleges the breach of the contract by appellants, and properly pleads the damages he claims to have sustained, placing them at the sum of $5,000. He also alleges certain mutual mistakes in the contract and asks the correction thereof.

The appellants filed their plea of privilege to be sued in Archer county, Tex., the county of their residence, in answer to which appellee filed a controverting affidavit, and the court, after hearing the testimony, overruled the plea of privilege, from which action of the court the appellants prosecute this appeal.

Appellants assign as error the action of the trial court in overruling their plea of privilege, because there was no written contract, as contemplated in law between the parties; but, in the event the contract is valid, the provision thereof requiring the placing of the lease in escrow in the First National Bank of Wichita Falls, Tex., did not require its performance in said county, as the placing of the lease in escrow was a mere incident to the main contract, and that the representation of John Henderson, as the agent of Mrs. Henderson, that the lease had been placed in the bank, did not constitute such fraud as to authorize the maintenance of the suit in said county. The right to maintain the suit in Wichita county is based on the contention that the contract is valid, is in writing, and stipulates for its performance by appellants in Wichita county, and also the alleged fraudulent representation made to him in said county by John Henderson that the lease had been placed in escrow in the bank.

[1] The lease describes the 50 acres of land upon which the oil and gas rights are transferred, and eliminates the failure in the contract to describe the land because the lease was to be attached to the contract, and the two necessarily should be construed together. The pleading as to mutual mistakes would authorize, under proof, the correction of the other discrepancies in the contract, which appellants claim render it void.

[2] Under this record we must presume that appellee had complied with the obligations imposed upon him in the contract by the drilling and completion of a well to the depth required. The consideration to be paid by appellants for the drilling of the well was the conveyance to appellee of the oil and gas rights in the land involved in this controversy, which was due on appellee's compliance with the contract, and was to be paid by the delivery to him by the bank in Wichita county, Tex., of Mrs. Henderson's lease to the land. Appellants breached the only provision of the contract remaining for them to perform by their failure and refusal to place the lease contract in escrow in the bank. The contract provided that they should do this, and authorized the bank to deliver it to appellee upon his performance. Hence they had agreed in writing to deliver the lease and pay the consideration passing from them to appellee in Wichita county.

The testimony is also sufficient to warrant a finding that John Henderson, as the agent of Mrs. Henderson, represented to appellee in Wichita county, Tex., that the lease and contract had been placed in escrow in the bank according to the terms of the agreement.

[3] The appellate court will not reverse the ruling of the trial court on a plea of privilege, because the evidence preponderates against it; but, if the testimony is sufficient to raise an issue of fact as to the alleged grounds of venue, the judgment will not be disturbed. Ulrich v. Krueger (Tex. Civ. App.) 272 S. W. 824.

A written contract, providing that each party thereto should each deposit his check in the sum of $1,000, payable to the other party, in the Corsicana National Bank, to insure the performance of a contract, which

was breached by one of them, authorized maintaining a suit against the party breaching in Navarro county, of which Corsicana is the county seat. Cecil. v. Fox (Tex. Civ. App.) 208 S. W 955. See, also, Gambrell v. Tatum (Tex. Civ. App.) 228 S. W. 287; Long et al. v. Martin (Tex. Civ. App.) 234 S. W. 91.

Finding no error in the record, the judgment is affirmed.