## LOWERY v. JOHN DEERE PLOW CO.

### No. 1239.

Court of Civil Appeals of Texas. Waco:
May 26, 1932.

J. Lee Zumwalt, of Dallas, and Ed I. Key, of Denton; for appellant.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for appellee.

### GALLAGHER, C. J.

This appeal is prosecuted from an order overruling appellant's plea of privilege. John Deere Plow Company, a partnership, acting through the several members thereof, sued H. A. Lowery to recover on a series of two notes amounting in the aggregate to $175 with interest and attorney's fees thereon, and for foreclosure of a mortgage lien given to secure the same on certain personal property, and on another series of five notes executed and delivered to them by said Lowery amounting in the aggregate to $2,355, with interest and attorney's fees, and for foreclosure of a mortgage lien given to secure the same on certain personal property. They alleged that all said notes were by their terms payable at maturity at Sanger in Denton county, Tex., and after maturity at Dallas, Dallas county, Tex. Appellant filed a plea of privilege, in which he alleged that he resided in Denton county, Tex., and not in Dallas county, and that "no exception to exclusive venue in the county of one's residence provided by law existed in said cause." Appellant incorporated in said plea allegations that at the time he executed said notes it was agreed between him and appellees' representative that said notes should be payable at Sanger in Denton county, Tex., and that he never agreed to pay the same after maturity in Dallas, Tex.; that said agent agreed, in event he was unable or found it inconvenient to pay the same at maturity, that an extension would be granted; that the provision making said notes payable at Dallas, Tex., after maturity was fraudulently inserted without his knowledge or consent, and that the provision that the time of payment might be extended at his option was fraudulently omitted therefrom. Appellant also alleged that thereafter an agent of appellant agreed with him that the time of payment of each of said notes might be extended one year from maturity thereof upon certain conditions, and that he was ready and willing to perform such conditions, but was prevented from performing the same by appellees. Appellees thereupon filed their controverting affidavit, in which they alleged the execution and delivery to them by appellant of each of the notes sued upon and the execution and delivery of chattel mortgages to secure the same; that each of said notes provided that it, after maturity, should be payable in Dallas, Tex. Appellees further alleged specifically an agreement with appellant extending the time of payment of the notes first maturing in each of said series. the failure to pay subsequent notes in each of said series and the exercise of the option contained therein to mature all the notes of each of said series. Appellees also filed an answer to the allegations contained in appellant's plea of privilege. Said answer consisted of special exceptions and general and special denials. Said answer was not verified.

The court heard said plea of privilege on its merits and overruled the same. While the judgment overruling such plea recites that the court heard evidence, no statement of facts is contained in the record.

Appellant's assignments of error present the single contention that appellees' controverting affidavit was insufficient because, in addition to the affirmative grounds of jurisdiction alleged therein, it did not further contain an express denial of the special issues of fraud and extension asserted by him in his plea of privilege. Article 2007 of our Revised Statutes provides, in substance, that a plea of privilege shall be sufficient if it be in writing and verified and shall state the county in which the party filing the same resides.

458

and shall state that such party was not at the institution of the suit, at the time of service of citation nor at the time of filing such plea, a resident of the county in which such suit is pending, and that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause." Said statute gives these allegations the effect of prima facie proof. Said article further provides, in substance, that, if the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue on the court in which the cause is pending. Said provision does not, as interpreted by appellant, require the plaintiff to file an affidavit specifically denying the allegations of the defendant's plea. It merely requires the plaintiff, in order to maintain venue in such court, to allege and prove affirmatively the fact or facts relied upon to show such venue. Appellees' controverting affidavit fully met the requirements of said article.

The matters alleged by appellant in his plea of privilege were in the nature of pleas in confession and avoidance. Appellant did not therein deny that he had executed and delivered the notes sued on, nor that they were by their terms past due and payable after maturity at Dallas. All this was tacitly admitted. Appellant by the allegations of his plea attempted to set up facts in avoidance of the legal effect of said written instruments. The statute under consideration does not contemplate that such allegations, merely because incorporated in a statutory plea of privilege, shall constitute prima facie proof nor that the plaintiff shall be required as a condition precedent to trial on the merits of the issue of venue to categorically deny the same under oath. Since appellant has not brought before us the facts adduced at the trial of his plea, we may assume that the testimony heard by the court sustained appellees' allegations and failed to sustain the allegations relied upon by him.

The judgment of the trial court is affirmed.