## COMPTON v. ELLIOTT.
### No. 993.

Court of Civil Appeals of Texas. Eastland.
Sept. 23, 1932.

Rehearing Denied Dec. 23, 1932.

Harrell & Allison, of Breckenridge, for appellant.

Homer T. Bouldin, of Albany, for appellee.

LESLIE, J.

This appeal is from a judgment of the trial court sustaining the defendant's plea of privilege to be sued in Shackelford county, where he resided. The suit was one for damages based on alleged malicious prosecution of the plaintiff, Compton, by the defendant, Elliott, resulting from the indictment, trial, etc., of the appellant, Otis Compton, in the district court of Stephens county for the alleged theft of a cow owned by the appellee, Elliott, the prosecuting witness. The plaintiff's petition contained the usual allegations in such cases, the substance of the same being that the indictment was brought about by Elliott, who acted without probable cause and was actuated by malice in initiating the prosecution. That in putting the facts before the district attorney and the grand jury he did not make a full and complete statement of all the facts known to him at the time, but withheld certain facts which would have explained the conduct of the appellant, Compton, and his father in going upon the premises of appellee, Elliott, and driving a cow therefrom (testified by the Comptons to be their own). It was contended that, if such undisclosed facts known to Elliott had been revealed to the district attorney and the grand jury, there would have been no ground for the charge, and consequently no indictment.

The allegations of the controverting affidavit set forth the facts necessary to bring the suit within exception 9 to the General Venue Statute, and therefore give plaintiff the right to trial in Stephens county. The plea of privilege was set for hearing and the testimony of the respective parties heard.

The judgment is alleged to be erroneous under three propositions of law, which are, in substance, to the effect that, the plaintiff (appellant) having alleged in his petition and controverting affidavit a case of malicious prosecution on the part of the defendant (appellee) and having sustained such allegations with evidence sufficient to make a prima facie showing, it was error for the court to sustain the plea of privilege.

■ That a suit for damages arising out of malicious prosecution may be maintained in the county where such charge is initiated is well decided, and calls for no discussion here. See article 1995, R. C. S. 1925, subd. 9; Hubbard v. Lord, 59 Tex. 384; Leach et al. v. Stone (Tex. Civ. App.) 264 S. W. 620; Warwick. v. First State Bank of Temple (Tex. Civ. App.) 296 S. W. 348. Also said subdivision 9 provides that: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

■ Taking this statute at what it plainly says, we are of the opinion that, upon the trial of this plea, the burden was upon the plaintiff to introduce sufficient testimony to show that, as against him, the defendant, Elliott, committed the offense of malicious prosecution in Stephens county. The appellant's counsel appears to so interpret the law, and this record discloses the appellant (plaintiff below) undertook to discharge that burden of alleging and proving all of the elements essential to the making out of the case of malicious prosecution, as alleged in his petition. That such burden or duty rested upon

the plaintiff is shown by the following authorities: Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Benson v. Jones, 117 Tex. 68, 296 S. W. 865; Neyland v. Benson (Tex. Civ. App.) 292 S. W. 251; Harris v. Gregory (Tex. Civ. App.) 23 S.W.(2d) 748; Lawless v. Tidwell (Tex. Civ. App.) 24 S.W.(2d) 515, 516; Horton v. Lone Star Gas Co. (Tex. Civ. App.) 19 S.W.(2d) 617; Brooks v. Herren (Tex. Civ. App.) 20 S.W.(2d) 807; Russell Grader Mfg. Co., Inc., v. McMillin (Tex. Civ. App.) 271 S. W. 124.

■ Here, as below, the defendant (appellee) contends that the evidence adduced on the hearing of the plea of privilege failed to show the elements of the crime of malicious prosecution he is alleged in the petition to have committed in Stephens county. If it failed to show any of the elements of the crime charged, the court correctly sustained the plea. The issue of whether or not such crime was committed, as alleged, was raised both by the pleadings and the testimony. The evidence was pro and con upon the issue, and the trial court resolved the same in favor of the defendant, Elliott, and sustained his plea. The judgment, properly construed, is a finding that the plaintiff failed to discharge the burden of proof resting upon him under the rules of law. The evidence may reasonably be interpreted to sustain such judgment, and, had a different conclusion been reached by the court, the same could be said of that judgment. If it could be said that the testimony preponderated in favor of holding the venue in the district court of Stephens county, nevertheless it would be the duty of this court to uphold the judgment of the trial court on the testimony presented.

As said in Ulrich v. Krueger (Tex. Civ. App.) 272 S. W. 824, 825; "We do not think on appeal from an order overruling a plea of privilege this court should reverse the judgment and order other disposition of the cause merely because the evidence may preponderate against it, but should affirm the trial court's action where there is enough evidence to raise an issue of fact over whether or not the alleged ground of the venue existed; especially would this course commend itself to us as being the appropriate one where, as here, both the venue as laid and the liability of the defendants sued depend upon proof of the same fact. * * * So viewing the matter, it is only necessary to determine whether or not such question of fact was raised here."

There the venue as laid and the liability of the defendants depended upon proof of fraud. In the instant case they depend upon proof of malicious prosecution.

In Sibley v. Sheerin (Tex. Civ. App.) 287 S. W. 58, where venue was sought to be established on the theory of a fraud committed, it was held that a reviewing court will not disturb a trial court's finding on a plea of privilege where it cannot say there was no evidence to support the judgment. The rule here employed in sustaining the judgment of the trial court where the testimony conflicts has had application in many cases involving trials on pleas of privilege. Baldwin et ux. v. Baldwin et al. (Tex. Civ. App.) 233 S. W. 130; Kelly v. Britton (Tex. Civ. App.) 240 S. W. 1114; Miller v. Flynn (Tex. Civ. App.) 279 S. W. 879; Accidental Oil Mills v. Shoemake (Tex. Civ. App.) 254 S. W. 385 (6); Texas Portland Cement Co. v. Carsey (Tex. Civ. App.) 3 S.W.(2d) 930; Henderson v. Lambert (Tex. Civ. App.) 293 S. W. 671; Grainger v. Gottlieb (Tex. Civ. App.) 234 S. W. 604.

The rule that prevents an appellate court from disturbing an order refusing a change of venue when testimony on the facts of venue is conflicting has equal application in cases where the trial court's order sustains the plea. There is as much reason for the rule in one case as in the other.

For the reasons assigned the judgment of the trial court is affirmed.

### On Rehearing.

On a former day of this term of court an opinion was rendered affirming the judgment of the trial court in sustaining the defendant's plea of privilege and directing the case to be sent to Shackelford county for trial. The appellant has filed a motion for rehearing and it has challenged the serious consideration of this court. Many, if not all, of the authorities relied on by the proponent of the motion were before us in the original consideration of the case, but the points relied on for reversal of the judgment have been re-examined and the authorities again reviewed.

As noted, the venue of the suit was laid in Stephens county under that exception to the General Venue Statute (Rev. St. 1925, art. 1995, subd. 9) which reads as follows: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile." That is, the suit is one for damages based on an alleged malicious prosecution of plaintiff, Compton, by the defendant, Elliott, in Stephens county, Tex.

In our original opinion we briefly summarized our conclusion from the record in this language: "The issue of whether or not such crime was committed, as alleged, was raised both by the pleadings and the testimony." A reconsideration of the record confirms us in the view that this original interpretation of the pleadings and the testimony raising the venue question is correct.

Standing upon our conclusion above, and the further one in our original opinion that, "the evidence may reasonably be interpreted

to sustain such judgment, and had a different conclusion been reached by the court, the same could be said of that judgment," the appellant, Compton, now contends that, as a matter of law, this court should have reversed the judgment of the trial court and directed a trial of the case on its merits in Stephens county, Tex. In other words, it is the appellant's theory that, since by his controverting affidavit and proof thereunder, he made a prima facie case based on a crime alleged to have been committed against him in Stephens county, he was therefore entitled to try the case in that forum. More specifically the appellant contends it was only necessary for him properly to raise the issue of whether or not the alleged crime of malicious prosecution had been committed in Stephens county by the defendant in order to be entitled to a trial there on the merits of the suit.

Supporting such contention the appellant cites and relies upon numerous cases by the various courts, among them the following: Watson Company v. Alfalfa Growers' Exchange (Tex. Civ. App.) 300 S. W. 199; Tarver, Steele & Co. v. Pendleton Gin Co. (Tex. Civ. App.) 25 S.W.(2d) 156, 157; Pope v. Ray (Tex. Civ. App.) 244 S. W. 1032, 1034; Shafer v. Brashear (Tex. Civ. App.) 274 S. W. 229; San Marcos Baptist Academy v. Burgess (Tex. Civ. App.) 292 S. W. 626, 628; Miller v. Flynn et ux. (Tex. Civ. App.) 279 S. W. 879; American Mortgage Corporation v. Wyman (Tex. Civ. App.) 41 S.W.(2d) 270; Palmer v. Pinkston (Tex. Civ. App.) 282 S. W. 668; Benson v. Travelers' Ins. Co. (Tex. Civ. App.) 40 S.W.(2d) 966, 967; Oliver Chilled Plow Works v. Askey (Tex. Civ. App.) 22 S.W.(2d) 743; Edmonds v. White (Tex. Civ. App.) 226 S. W. 819; Adkins v. Essler (Tex. Civ. App.) 38 S.W.(2d) 411; Salisbury v. Taylor (Tex. Civ. App.) 5 S.W.(2d) 874; De Mars v. Montez (Tex. Civ. App.) 277 S. W. 402; Crespi v. Wigley (Tex. Civ. App.) 18 S.W.(2d) 716; Lowery v. John Deere Plow Co. (Tex. Civ. App.) 50 S.W.(2d) 457.

We have carefully studied these authorities and are of opinion that there is nothing in them that necessarily condemns as erroneous the conclusions heretofore reached by this court in the disposition of this appeal. The case before us bears a special aspect, of which notice must be taken. In the trial court there was a contest between the litigants, and an issue was raised as to the existence of the "fact or facts" relied upon by the plaintiff to fix the venue in Stephens county. Article 2007, R. S. 1925. There was testimony pro and con upon the issue. Different views may be entertained upon the nature and probative force of the testimony. The court, for reasons satisfactory to itself, resolved the issues arising upon said "fact or facts" in favor of the defendant, Elliott, and sustained his plea. It

was a case in which we concluded, from the state of the testimony, that a judgment either way would have found support. Hence, in the light of the briefs and the points presented by the motion for rehearing, it appears that the appellant, Compton, is asserting that he supported the venue "facts" as presented in his controverting plea with testimony sufficient to establish his right to bring and prosecute the suit in Stephens county, and the appellee, Elliott, is here contending that the appellant, Compton, failed to offer evidence to establish such facts and that the testimony failed to support the allegations of the controverting plea. Hence, we are confronted with a question or issue like that raised by the testimony in the recent case of Gilmer v. Graham (Tex. Com. App.) 52 S.W.(2d) 263, 265. There an issue arose as to the residence of the defendant Gilmer, who was sued in Brewster county. The defendant filed his plea of privilege to be sued in Edwards county, and, upon the filing of plaintiff's controverting affidavit, the issue as to residence arose. In answer to a question presenting the issue, the jury found that Brewster county was the residence of the defendant. Of course, it was the plaintiff's contention that the evidence showed the defendant's residence to be in Brewster county, and, on the other hand, the defendant contended that the evidence conclusively established his residence in Edwards county. The opinion in that case, in the discussion of the respective contentions of the litigants, used this pertinent language: "As is usually the case, when both parties to a lawsuit contend that the evidence conclusively establishes their contentions as a matter of law, a jury question is presented."

We think this language is peculiarly applicable to the contentions now under consideration. A jury trial on the issues arising out of a contested plea of privilege has long been recognized and become well established in Texas, as may be seen from the following authorities: Caswell v. Hopson (Tex. Civ. App.) 47 S. W. 54; Tynberg v. Cohen, 76 Tex. 409, 13 S. W. 315; Pryor v. Jolly, 91 Tex. 86, 40 S. W. 959; Perkins v. Norris (Tex. Civ. App.) 25 S.W.(2d) 979; Rutledge v. Evans (Tex. Civ. App.) 219 S. W. 218; Hudgins & Bro. v. Low, 42 Tex. Civ. App. 556, 94 S. W. 411; Holmes v. Coalson, (Tex. Civ. App.) 178 S. W. 628, 635; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Howeth v. Clark (Tex. App.) 19 S. W. 433; Kolp v. Shrader (Tex. Civ. App.) 131 S. W. 860.

When no jury is demanded for the trial of the issues arising out of the alleged "fact or facts" relied upon to fix venue, and such issues are submitted to the trial court, the trial court performs the functions of a jury and becomes the exclusive judge of the facts proved, the credibility of the witnesses,

and the weight to be given to the testimony. The verdict of the jury on such issues properly submitted and supported by sufficient testimony could not be disturbed by this court, and we think the judgment of the trial court on the same question, based on proper testimony, must, for the same reasons, be left undisturbed by this court. From the foregoing authorities, and under our system of pleading and practice in the disposition of fact issues arising between litigants, we are necessarily driven to the conclusions herein reached.

In the foregoing conclusions there is nothing inconsistent with the general rule stated by this court in Graves v. Buzbee, 45 S.W.(2d) 392, 395, to the effect that "in the trial of the issues arising out of the contest of a plea of privilege, it is not necessary for the plaintiff to introduce all of his testimony, and develop his case as fully as he would on final trial on the merits." Several authorities are there cited making application of that rule, which is often referred to in the authorities above cited by the appellant in his motion for rehearing. The issues in a contested plea of privilege properly arise out of the "fact or facts" relied upon for venue.

For the reasons assigned, the motion for rehearing is overruled.

FUNDERBURK, J. (dissenting on rehearing).

I have concluded that the motion for rehearing should be sustained. The reasons, however, upon which my change of view is based are entirely different from those set forth in appellant's motion. My views more nearly accord with those expressed in the majority opinion—the little difference being just such, as it happens under the particular facts of this case, to require a different disposition of the motion.

My concurrence in the original opinion resulted from yielding my previously entertained views as expressed in Sims v. Callihan (Tex. Civ. App.) 39 S.W.(2d) 153, 158, as follows: "In such a case [i. e., one in which venue is sought to be sustained on the ground of fraud committed in the county of the suit] plaintiff should be required to do no more than exhibit his petition and prove that, if the alleged fraud existed, it was committed in the particular county where alleged. The same is true of single causes of action asserted and sought to be maintained under other exceptions where the nature of the suit is a material fact."

At the time the original opinion herein was handed down I had concluded that the decisions therein cited, namely, the list beginning with Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896, declared the law to be to the contrary of the view above expressed, and as therefore justifying that opinion.

Faced now with the alternative of adopting the interpretation of the law as contended for by appellant, apparently supported as it is by the many cases cited, or of sustaining the original opinion, I have carefully re-examined the decisions above named, with the result that I have satisfied myself that the Supreme Court has never meant to hold that, in the trial of a plea of privilege, where venue is sought to be sustained, for instance, under Rev. St. 1925, art. 1995, subd. 7 (the one providing that a case of fraud may be brought in the county in which the fraud was committed), that it is necessary as a matter of law to prove, or offer evidence to prove, each and every element of the fraud. I have found but one case in which the point was certainly considered, and the effect of the decision plainly to so hold. That case is Neyland v. Benson, 292 S. W. 251, by the Dallas Court of Civil Appeals. It is true there is language in a number of other cases—some by this court—which apparently supports that view, but such expressions were either dicta, or at any rate, made in connection with, and as a part of, discussions showing a proper disposition of each particular case, irrespective of the point now under consideration. See, for example, Lawless v. Tidwell (Tex. Civ. App.) 24 S.W.(2d) 515; Browne v. Heid Bros. (Tex. Civ. App.) 12 S.W.(2d) 587; C. R. Miller Mfg. Co. v. Provine (Tex. Civ. App.) 17 S.W.(2d) 128.

I do not consider that the Supreme Court in the case of Benson v. Jones, 117 Tex. 68, 296 S. W. 865, 867, has decided the question one way or the other. In that case mandamus was sought to require certification on the ground that Neyland v. Benson, supra, was in conflict with certain unnamed cases, one of which probably was Edmonds v. White (Tex. Civ. App.) 226 S. W. 819, 820. It may be observed, as to the claim of a conflict, that the Court of Civil Appeals in Neyland v. Benson expressly recognized that the opinion was in conflict with Edmonds v. White, upon the very question here presented. But the Supreme Court in Benson v. Jones, in denying the mandamus, expressly rested its decision on one ground, stated thus: "But it is clear that the Court of Civil Appeals [i. e. in Neyland v. Benson] reversed the trial court and sent the case to Hunt county because there was no proof that the Neylands, or either of them, made any false statement *in Dallas county.*" (Italics ours.)

Then follows the very true and significant statement: "This allegation was the very crux of the controverted plea of privileges." It is thus apparent that the opinion in Benson v. Jones did not decide which of the two different views as expressed in Neyland v. Benson and Edmonds v. White was correct, but simply held, in effect, that, irrespective of that question, the action of the Court of Civil Appeals in the first named case was correct because there was no evidence to show that

the place of the commission of the alleged crime was in Dallas county. So much I have deemed it advisable to say in explanation of my departure from and present readoption of my former views as expressed in Sims v. Callihan, supra.

It may be regarded as settled beyond controversy that, when issues are properly joined by plea of privilege and a controverting plea, the burden is upon the plaintiff to prove the "fact or facts" relied upon to show one or more exceptions to the general rule of venue, as prescribed in Rev. St. 1925, art. 1995. When the exception relied upon is that provided for in subdivision 9, relating to a crime, offense, or trespass, or that provided for in subdivision 7, relating to fraud, what is "the fact," or what are "the facts" which, under the above rule, are required to be proved? Is it sufficient to prove that, if the alleged crime, fraud, or trespass, as the case may be, was committed, same was committed in the county where the suit is brought? Or, must the plaintiff prove, as a necessary part of the evidence required to show the *place* of the commission of the crime, trespass, or fraud, that such crime, trespass, or fraud was in fact actually committed as alleged? The answers to these questions, it is believed, will be determinative of the larger question presented for decision.

I am firmly of the opinion that, in most, if not in all cases, except those involving subdivision 4 (art. 1995), relating to a suit against two or more defendants, the rule as to which is discussed in Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747, and Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W. (2d) 861, and except in a case where two or more causes of action are joined and one or more do not alone come within any of the exceptions prescribed, as discussed in Sims v. Callihan, supra, the burden of proving that the "fact or facts" exist to bring a case within one or more exceptions to the general rule of venue is discharged by assuming for the purposes of the trial of the plea of privilege that the crime, trespass, or fraud, etc., was committed, as alleged, excepting the allegations, if any, to show the place where same was committed, and then by proving by a preponderance of the evidence aliunde that, if same was so committed, the place of commission was in the particular county where the venue is sought to be sustained. No better illustration could perhaps be found to show how such a rule would work conformably to well-recognized principles and practices, and how any other interpretation of the statute would work contrary to such principles and practices, or work an unreasonable and unnecessary hardship upon the plaintiff, than in the instant case. We are unanimously agreed that, if it be assumed that the crime was committed, as alleged (excepting only allegations, if any, to show the place of its commission), the undisputed evidence introduced upon the hearing shows that such crime was committed in Stephens county. We are likewise agreed that seemingly a preponderance of the evidence shows that no crime was in fact committed, but as to that fact the evidence was sufficient to support a finding either way. Evidently the trial court sustained the plea of privilege because of a finding by him from all the evidence that no crime was committed. It is certainly an anomalous procedure for a court, because it adjudges after a legal hearing, that no crime has been committed, to transfer a case to another county to permit the plaintiff to prove that such crime was committed. What is the reason or necessity in such a case for twice litigating the issue of the existence of the crime? I fully concur with the appellant that a construction of the law (R. S. 1925, art. 2007), which leads to such an unreasonable, not to say absurd, result should be rejected if possible.

But in my opinion, even that construction is preferable to the one which appellant in his motion seeks to have us adopt. To state that view briefly, as I understand it, it does not deny that the plaintiff is under the burden of proving the fact or facts to show that the case comes within one or more of the exceptions, but that such fact or facts are not required to be proved in the usual way or sense. That, on the contrary, it is sufficient to produce some evidence of the fact or facts —merely enough to raise an issue, and that it is immaterial that there may be any amount of evidence to the contrary. The theory includes the idea that there must be some evidence to support each and every element of the crime, trespass, or fraud, as the case may be, as well as to support the fact that same was committed in the county of the suit.

Let us now examine the implications and logical results of such an interpretation of the law. In the first place, such a construction is plainly not necessary in order to avoid the other alternative, the purpose to get away from which constitutes the sole reason to support it. There is nothing in any of the statutes, so far as I can find, that requires such a construction. The provisions of the relevant statutes do not, it seems to me, reasonably lend themselves to that interpretation. Why, it may well be asked, Would the Legislature require that a controverting plea, setting out the fact or facts to bring the case within one or more exceptions, be sworn to and then further require the plaintiff to support the plea with only the character of evidence suggested? Why did not the Legislature make the sworn controverting plea conclusive of the matter, if it could be made conclusive simply by the plaintiff's oral reaffirmation under oath of the same facts? Can any conceivable reason be suggested why, if the plaintiff would make the necessary affidavit to a controverting plea, he would be unwilling orally to reaffirm the same facts? The

construction of the law contended for implies that the Legislature has required the doing of an utterly futile thing.

If said construction, which, for convenience, may be designated the "prima facie case theory," be correct, it works a denial of the right of trial by jury. The right of a defendant to have the issues in the trial of a plea of privilege determined by a jury has never been questioned, so far as I know. Certainly it has many times been recognized. Pecos & N. T. Ry. Co. v. Thompson, 106 Tex. 456, 167 S. W. 801; Id. (Tex. Civ. App.) 140 S. W. 1148; Durango L. & T. Co. v. Shaw (Tex. Civ. App.) 165 S. W. 490; Littlefield v. Clayton Bros. (Tex. Civ. App.) 194 S. W. 194. But obviously, if the production by plaintiff of just enough evidence to raise an issue of each fact be conclusive regardless of any evidence to the contrary, there could never be any issue to be determined by a jury. This reason alone, I think, renders impossible the construction contended for in order to preserve the law from unconstitutionality on the ground that it denies the right of trial by jury. If the construction contended for be correct, then there is no judge, jury, or other governmental officer or agency authorized to pass upon and determine the credibility of witnesses, the facts proved, or the weight to be given to the testimony. On the hearing of the plea of privilege there would exist absolutely no distinction between truth and falsity.

Another good reason why, in my opinion, the statute cannot be so construed, is that it would thwart the evident purpose of the later amendments of the statutes involved. Prior to the 1917 amendment of present R. S. 1925, art. 2007, the defendant had the burden of proving the nonexistence of any fact or facts to bring a case within an exception (Rev. St. 1911, art. 1903). In 1917 the prescribed plea of privilege had the effect of placing the burden upon the plaintiff to prove the existence of such fact or facts. Clearly it was intended by the amendment to protect more fully the right of a defendant to be sued in the county of his residence by imposing a greater burden upon the plaintiff both to plead and prove the facts to show an exception. Under the construction now contended for, the amendment would not merely fail to accomplish this evident purpose of its enactment, but would be made far easier to deprive a defendant of his privilege to be sued in his home forum.

Again, if the construction contended for be correct, then the law, in effect, provides that, upon the hearing of a plea of privilege, any testimony offered in support of the allegations in the controverting plea shall be conclusively presumed to be true. Had the Legislature expressly so provided, I think such provision would be unconstitutional for that reason also. If the right of a defendant to be sued in the county of his residence, unless one or more of the exceptions exist in the case, is in truth the valuable right it has so many times been declared to be, then I think that another statute, providing, in effect, that, upon the trial of such right the testimony of one of the parties shall conclusively be presumed to be true would be violative of the Bill of Rights (Const. art. 1, § 19), and the Fourteenth Amendment of the Constitution of the United States. Clem v. Evans (Tex. Com. App.) 291 S. W. 871, 51 A. L. R. 1135. It is true the right in question is one which the Legislature could grant or withhold, and therefore grant subject to conditions, but to grant the right unconditionally, as the Legislature has done, and then provide a procedure for the trial thereof, which in effect requires that the testimony of one of the contesting parties shall be conclusively presumed to be true, would, I think, simply present a case of the granting of a clear legal right by one valid statute and the prescribing of a procedure for the trial of that right by another which, because of its effect, is unconstitutional and void.

Now let us see how the prima facie case theory would work out in supposable cases. Clearly the theory cannot be confined to exceptions 7 and 9. It would apply generally, with the exceptions above noted, to all those exceptions which, by their terms, make the nature of the suit one of the material facts in issue. Any attempted distinction would be purely arbitrary. A, who resides in B county is sued by C in D county. Controverting A's plea of privilege, C alleges the suit to be one for the recovery of land situated in D county. If he swears the land is situated in D county, the issue will be thereby concluded in his favor although A may be prepared to prove by the overwhelming weight of the evidence that the land is not in D county but in some other county. Mrs. A, who resides in B county, is sued by C in D county. C's controverting plea in answer to her plea of privilege alleges that defendant is a married woman and that her husband, Mr. A, has his domicile in D county. Even though Mr. and Mrs. A have been divorced for months, and Mrs. A is ready and prepared to prove that fact, yet if C swears to facts to support his plea, any contrary evidence will be utterly unavailing. Subdivision 1. In a suit, venue of which is sought to be maintained under exception 5, although the plea of privilege constitutes, in effect, a plea of non est factum, as held in Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Tex. 124, 298 S. W. 550, and Ketner v. J. M. Radford Grocery Co. (Tex. Civ. App.) 299 S. W. 680, thereby placing the burden of proof upon the plaintiff to prove the execution of the written contract, yet, if plaintiff swears he is familiar with the handwriting of the defendant and that the signature to the instrument

is in his handwriting, thus making a prima facie case, it will avail the defendant nothing that he may be ready and able to prove that the signature is a forgery and that at the time the note purported to be executed in Texas he was a prisoner 10,000 miles away in Siberia. Or, take a case under exception 7 or 9. The crime or fraud is alleged to have been committed in the county where suit is brought, and plaintiff so swears. But the defendant can prove that the very transaction claimed to constitute the crime or fraud occurred wholly within a different county, he will nevertheless not be heard to prove the true facts and thus establish his legal right. These and numerous other examples which may be readily called to mind are sufficient, I think, to show that, if the law is as contended, then something "new under the sun" has been introduced into our jurisprudence.

We are not without authority in the decisions, both to condemn the construction contended for and to support the one herein suggested, and incidentally to show that the views expressed in the majority opinion are incorrect. I believe the statute was properly construed in Edmonds v. White, supra, and was incorrectly construed in Neylands v. Benson, supra. In the former Judge Hodges said:

"When the plaintiff introduces proof of a transaction which may constitute an actionable fraud, and shows that this transaction occurred in the county where the suit is filed, he has furnished all the essentials required to support a judgment sustaining the venue. It is not necessary that the evidence establish facts other than those which the particular judgment is to determine. In this instance the question is, *Where was the fraud committed?* In other words, *Where* did the fraudulent transaction take place? When the fact is ascertained the court is prepared to render a judgment designating where the issue of liability shall be tried. The law will not require the court to render a useless judgment or to determine *an unnecessary issue,* yet that might easily result if the rule contended for by the appellants be applied. If in this case proof of an injury is essential to sustain the venue after it has been shown that the fraudulent acts were committed in Bowie county, then the defendants would have a right to join issue upon the question of injury alone, and might secure a judgment in their favor upon that ground alone. The court then would be required to order a transfer of the case to another county for the sole reason that no cause of action had been shown by the plaintiff. This would be the rendition of an unnecessary judgment—ordering a transfer for trial because there was no merit in the case. In passing upon the issue involved in a plea of privilege, the court can only determine *where a trial of the rights of the parties shall take place.* It is unnecessary at that stage for the court to ascertain whether or not a cause of action can be shown by the evidence, for the reason that no appropriate judgment upon that issue can then be rendered. Whether or not the plaintiff sustained an injury from the perpetration of the fraud and the extent of that injury are matters to be determined in a trial upon the merits, after the issue of venue has been settled." (Italics ours.)

This is not an inaccurate statement of the law and is a most admirable discussion of the controlling principles. In the light of subsequent interpretations of it, however, the thought would have been more clearly expressed in the beginning sentence as follows: "When the plaintiff introduces proof to identify the alleged fraudulent transaction upon which the suit is based, and shows that this transaction, if it ever happened, occurred in the county where the suit is filed, he has furnished, etc."

This decision has never been overruled and has been followed in numerous cases, of which may be mentioned the following: Trapshooter Dev. Co. v. Whitton O. & G. Co. (Tex. Civ. App.) 263 S. W. 622; Alexander v. Alexander (Tex. Civ. App.) 265 S. W. 1072; Old v. Clark (Tex. Civ. App.) 271 S. W. 183; Jones v. Boyd (Tex. Civ. App.) 286 S. W. 1006; Griffin v. Linn (Tex. Civ. App.) 3 S.W.(2d) 148; McKee v. McKee (Tex. Civ. App.) 12 S.W.(2d) 849; City of Idalou v. Anderson (Tex. Civ. App.) 25 S.W.(2d) 280.

Some of these decisions state the rule to be that the burden upon plaintiff is to prove that a transaction which might constitute fraud occurred in the particular county, others that the burden is to show that there was probable fraud and it was committed in the particular county. At least one adopts the "prima facie case theory." These statements, while not accurate, are not necessarily incorrect. In other words, if plaintiff does prove that a transaction, identified as that involved in the suit, occurred in the particular county, such would constitute the showing of a transaction that might constitute fraud, or of probable fraud, but at any rate he would have thereby discharged the burden upon him to show that, if it occurred, it occurred in the particular county. In Jones v. Boyd it was held that the facts to be proved were to be proved by a preponderance of the evidence. Many cases which may be interpreted as sanctioning the "prima facie case" rule make no mention of the preponderance of the evidence rule, or whether controverting evidence was offered and rejected or not considered.

The construction of the statute herein suggested as the correct one would avoid the harsh alternatives involved in the majority opinion in this case and that contended for by appellant, and permits a trial of pleas of privilege upon the only essential issue, namely, the proper place to try the case, according to established principles and practices and

preserves the rights of all the interested parties.

Because the undisputed evidence in this case shows that if any crime was committed, as alleged, the same was in fact committed in Stephens county, where the suit was brought, I conclude that the motion for rehearing should be sustained, and that judgment should be rendered for appellant upon the plea of privilege.