## HARDIGREE v. SWEETWATER COTTON OIL CO.
### No. 1447.

Court of Civil Appeals of Texas. Eastland

May 17, 1935.

757

Barker & Cornelius, of Sweetwater, for appellant.

Lawther, Cox & Cramer and Wm. M. Cramer, all of Dallas, for appellee.

FUNDERBURK, Justice.

In this suit brought in Mitchell county by J. J. Hardigree against Sweetwater Cotton Oil Company to recover damages resulting from an injury received in a collision between a truck driven by Haskell Scott, an alleged servant or employee of the defendant, and an automobile driven by plaintiff, the defendant, a resident of Nolan county, filed a plea of privilege. In a controverting plea, plaintiff sought to maintain venue in Mitchell county on two grounds, viz.: (1) That the suit was one based upon a trespass committed in Mitchell county, and (2) that the defendant was a corporation, and the cause of action arose in Mitchell county. A trial of the issues presented by the plea of privilege and controverting plea resulted in a judgment of the court sustaining the plea of privilege, and transferring the case to Nolan county. The plaintiff has appealed.

■ Appellant, in his brief, presents the contention that the evidence introduced upon the hearing of the plea of privilege raised an issue of fact that Haskell Scott, the driver of the truck, was an employee of the defendant, and not an employee of an independent contractor. It thus seems to be assumed that if such issue of fact was raised by the evidence, then, as a matter of law, the venue was properly laid in Mitchell county, and the action of the court in sustaining the plea of privilege was error. In our opinion, that view of the law cannot be sustained. The facts, the existence of which are necessary to bring a case within some one or more exceptions to the general rule of venue prescribed in R. S. 1925, art. 1995, as amended (Vernon's Ann. Civ. St. art. 1995), are, in the trial of a plea of privilege, required to be established by a preponderance of the evidence, just as any other issue of fact in the trial of a civil suit. This conclusion was concurred in by all members of this court in our consideration of Compton v. Elliott (Tex. Civ. App.) 55 S.W.(2d) 247, which, upon another point as to which there was a difference of opinion, is pending in the Supreme Court upon certified questions. If, as contended by appellant, the evidence raised an issue of fact as to whether the driver of the truck was an employee of the defendant, then there is no escape from the conclusion that that issue has been determined against appellant by the judgment of the court sustaining the plea of privilege and ordering the transfer of the case. If the evidence raised an issue of fact as to whether the driver of the truck was an employee of the defendant, the same evidence raised an issue of fact as to whether he was an independent contractor, or employee of an independent contractor. Liberty Mutual Ins. Co. v. Boggs (Tex. Civ. App.) 66 S.W.(2d) 787. It is deemed unnecessary to again set forth the reasons supporting the view that the facts determinative of venue are to be established as other facts, since they appear at length in the majority opinion in Compton v. Elliott, supra. Our conclusion, just stated, renders it unnecessary to consider the contention made in appellee's counter proposition to the effect that the evidence showed conclusively, as a matter of law, that the truck driver was not an employee of the defendant.

■ The opinion of this court in the last-named case is also authority support-

ing the action of the court below in this case upon another ground aside from the question of whether Haskell Scott was or was not an employee of the defendant. If it be conceded that he was such employee, the evidence raised an issue of fact as to whether any trespass was committed in Mitchell county, and as to whether any cause of action arose in Mitchell county. The plaintiff, of course, testified to facts tending to show that a trespass was so committed, and the alleged cause of action so arose; but the witness Haskell Scott testified to the contrary. He was asked the question: "Please state whether or not the truck you were driving collided with, or struck an automobile in the city of Colorado as you passed on the occasion mentioned." His answer was: "Well, the car struck me, I didn't strike anybody. I- was on the right side of the road." The record does not reflect the court's finding upon this conflicting testimony. It seems to be assumed that the action of the court was based alone on a finding that the truck driver was an employee of an independent contractor, and, therefore, not an employee of the defendant. That assumption is not warranted by the record. Rule 27 for the governing of Courts of Civil Appeals (142 S. W. xii) provides that: "In cases submitted to the judge upon the law and facts * * * the party desiring to appeal should, as a predicate for specific assignments of error, request the judge to state in writing the conclusions of fact found by him separately from the conclusions of law." Had this course been pursued and by such conclusions of fact and law it had been made manifest of record that the judgment below was based alone upon the finding that the truck driver was an independent contractor, or the employee of an independent contractor, then the other basis of the judgment would have been eliminated. As the record is presented it shows an issue of fact joined by the pleadings and admittedly raised by the evidence which we must assume, nothing to the contrary appearing, was found against the appellant so as to support the judgment.

 The question in Compton v. Elliott, supra, certified to the Supreme Court, arises in this case and, as in the other, produces a difference of opinion concerning the proper disposition of the appeal. While the members of the court are unanimously agreed that upon the trial of a plea of privilege the "fact" or "facts" necessary to show that a suit comes within an exception to the general rule of venue must be proved by a preponderance of the evidence, the jury, or, in the absence of a jury, the judge, determining incidentally the credibility of witnesses and the weight of the evidence, there is a difference of opinion as to the scope or character, or both, of the evidence essential to establish such "fact" or "facts." The majority view is that the evidence in order to be sufficient to show that a crime or trespass was committed in a particular county must include evidence of each element of the crime or trespass. Under this view the allegations of plaintiff's petition constitute no evidence. If there is a conflict of evidence as to the fact of the existence of any element of the alleged crime or trespass sufficient to raise an issue of such fact, the finding of the jury or judge upon such issue will be conclusive, even though the undisputed evidence may show that the transaction claimed to constitute the crime or trespass did occur in the county where the venue is laid. According to the minority view, plaintiff's petition is the all-sufficient evidence of the nature of the suit, i. e., as being "a suit based upon a crime, offense or trespass"; the only other evidence required being such as to show that the transaction claimed to constitute the crime, offense, or trespass (whether really such or not) occurred in the county where the suit was brought. In this case the undisputed evidence shows that a collision which plaintiff, in his petition, alleges was an actionable trespass, did occur, and the place of its happening was in Mitchell county. The undisputed evidence does not show that the collision constituted a trespass, and does not show that even if it was a trespass that it was a trespass committed by the defendant. It results that, under the majority view, determinative issues have been found against the plaintiff in support of the court's action on the plea of privilege. Under the minority view the only determinative issues were established by undisputed evidence, the others not so supported by undisputed evidence being immaterial as outside the scope of inquiry. Both the majority and minority views being set forth at length in the opinions in Compton v. Elliott, supra, it is deemed unnecessary to further enlarge upon same here.

It is therefore the opinion of the court, the writer dissenting, that the judgment of the court below sustaining the plea of privilege and transferring the case should be affirmed, and it is accordingly so ordered.